306 F.2d 948
 Otto G. LUTES, Florence Lutes, B. B. French, Jewell French, L. O. Hood, Myrtle Hood, D. M. Brower, Mildred Brower, Carl R. Stalcup, Millie L. Stalcup, Ida F. Wray, E. F. Bruce, Geraldine Bruce, J. J. French, Thesia French, Riffe Wesley, Hazel Riffe, Ostby S. Austin, Ethel Austin, Jessie E. Brown, D. L. Hamilton, Helen Hamilton, Harry G. Riffe, Myrtle Riffe, G. F. Price, Flora Lee Price, Lewis B. Carpenter, Mary E. Carpenter, E. L. Carpenter and Blanche M. Carpenter, Petitioners,
v.
The UNITED STATES DISTRICT COURT FOR the WESTERN DISTRICT OF OKLAHOMA and The Honorable Stephen S. Chandler, Chief Judge of the United States District Court for the Western District of Oklahoma, Respondents.
 No. 7042.
 United States Court of Appeals Tenth Circuit.
 August 2, 1962.
 
 Paul R. Kitch, Wichita, Kan. (Wayne Coulson, Dale M. Stucky, Robert T. Cornwell, Wichita, Kan., Jerome E. Hemry, Oklahoma City, Okl., Auburn G. Light, and James R. Yoxall, Liberal, Kan., were with him on the brief) for petitioners.
 Richard W. Fowler, Oklahoma City, Okl. (Cochran, Dudley, Fowler, Rucks, Baker & Jopling, Oklahoma City, Okl., of counsel, were with him on the brief) for respondents.
 Before PHILLIPS, BREITENSTEIN and SETH, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 In this original mandamus proceeding we are asked to vacate a federal district court order staying further proceedings in 19 cases pending in that court until certain companion cases are decided in the Oklahoma state courts. The controversy is related to the situation presented to us in the group of cases reported as Rogers v. Westhoma Oil Company, 10 Cir., 291 F.2d 726.
 
 
 2
 The petitioners here are, and the appellants-plaintiffs in Rogers v. Westhoma were, the lessors or successors of lessors of oil and gas leases covering lands in an established and productive field located in Seward County, Kansas, and Texas County, Oklahoma. Rogers v. Westhoma concerned Kansas lands and this litigation concerns Oklahoma lands. Except for differences in the names of the lessors and the descriptions of the land covered, the leases are identical in all pertinent provisions.
 
 
 3
 The claims presented in Rogers v. Westhoma and in these cases are that the leases had expired as to all horizons below sea level because of failure to obtain production within the primary terms. Of the 27 cases involved in Rogers v. Westhoma 24 were brought in Kansas state courts and removed to federal court by Westhoma on the grounds of diversity while 3 were brought originally in federal court. We held in Rogers v. Westhoma that the leases had terminated as to all below-sea-level horizons.
 
 
 4
 Thereafter these suits involving Oklahoma lands were brought in the United States District Court for the Western District of Oklahoma against Westhoma and others asserting that the Oklahoma leases had terminated as to all below-sea-level horizons. After some, but not all, of these 19 cases were filed, Westhoma brought suits in the District Court of Texas County, Oklahoma, to quiet its title against the claim of termination. The state court suits presented leases identical, except for lessors and land descriptions, to those in the federal court. As there was no diversity the state court suits were not removable.
 
 
 5
 Westhoma applied to the federal court for an order staying the proceedings until the decision in the state court suits. The stay was granted and the petitioners seek by this mandamus proceeding to have it vacated.
 
 
 6
 The decision in Rogers v. Westhoma was based on the construction, interpretation, and application of the lease provisions under the Kansas rules pertaining to oil and gas leases. Westhoma concedes that the cases now under consideration, both federal and state, present the same fact situation and the same lease form as were presented in Rogers v. Westhoma; that the decision in Rogers v. Westhoma was not based on any Kansas statute or decision; that there is no Oklahoma statute requiring or justifying a different decision; and that the Kansas and Oklahoma rules of oil and gas lease construction do not differ in any pertinent regards.
 
 
 7
 Westhoma bluntly contends that the decision in Rogers v. Westhoma was wrong even under Kansas law and points out that the decision, from which there was a dissent, overruled a judgment entered by a federal judge who is now a member of this court. The honest differences of opinion as to the construction of these unusual lease forms when applied to the peculiar facts admittedly existing may encourage, but do not justify, the forum-shopping which has occurred. The original Kansas cases were brought in state court and were removed by Westhoma to federal court. After our adverse decision Westhoma concluded that it would rather cast its lot with the state courts and when the petitioners herein brought suits in federal court in Oklahoma, Westhoma countered with non-removable state court suits and now says that such suits will determine the issues and bind the federal court as to leases covering Oklahoma land.
 
 
 8
 We have before us routine contract cases in which private parties disagree as to the effect of private contract provisions. The issues do not present any federal or state constitutional or statutory questions. No public officials or public agencies will be affected by the result. No hazard of a disturbance in the sensitive field of federal-state relationships is suggested. If we were to forego the exercise of the properly invoked diversity jurisdiction until state court decisions were obtained on identical contracts applying to identical facts, then the doctrine of abstention is extended far beyond any limits which have as yet been fixed by the Supreme Court of the United States and an easy method is afforded the district courts for the avoidance of decisions in difficult cases.
 
 
 9
 The principles applicable to abstention were canvassed in Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058, and County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163. The Louisiana case held that a federal district court properly deferred proceedings in an eminent domain case until the state supreme court had been afforded an opportunity to interpret a questioned state statute. In the Allegheny County case the federal suit challenged the validity of an eminent domain taking. There was pending at the time a state court suit to assess damages for the same taking. The trial court dismissed on the ground that a federal court should not interfere with an eminent domain proceeding brought under color of state law. The Supreme Court held to the contrary saying in substance that abdication of the obligation to adjudicate controversies properly before a federal court can be justified under the doctrine of abstention only in exceptional circumstances where the relegation of the parties to state court "would clearly serve an important countervailing interest."
 
 
 10
 In the situation here presented we do not have any question of the interpretation of a state statute and, hence, the reason for abstention present in the Louisiana case does not apply. In the Allegheny County case abstention was disapproved even though a federal court decision favorable to the landowner would moot the state court proceedings to assess damage. The claim for abstention here asserted has even less substance.
 
 
 11
 There are no exceptional circumstances in the case at bar. The lower court actions, both federal and state, are between private parties and concern private contracts. Such run-of-the-mine litigation is ordinary and routine. The only question is whether abstention will "clearly serve an important countervailing interest."[1] The only countervailing interest suggested is that the parties are entitled in the first instance to have their controversy adjudicated in state court with the result that such state decision will bind the federal courts under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.
 
 
 12
 Recognition of the principle that in diversity actions a federal district court "is but another local forum and the right to recover is measured by the law of the state"[2] is not decisive of the issue here. The question is not the applicability of state law but of abstention by the federal court from action in cases where its jurisdiction is properly invoked.
 
 
 13
 In Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876, the Supreme Court held that the ownership of oil underlying right-of-way lands of a railroad in reorganization under the Bankruptcy Act should be determined in state court action. The Supreme Court has been reluctant to expand the ruling in Thompson v. Magnolia. The later, and oft-quoted, decision in Meredith v. City of Winter Haven, 320 U.S. 228, 236, 64 S.Ct. 7, 11, 88 L.Ed. 9 said:
 
 
 14
 "Congress having adopted the policy of opening the federal courts to suitors in all diversity cases involving the jurisdictional amount, we can discern in its action no recognition of a policy which would exclude cases from the jurisdiction merely because they involve state law or because the law is uncertain or difficult to determine." Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256, held that a federal district court properly exercised its discretion in entertaining a suit by the Alien Property Custodian to determine his share in a decedent's estate in course of probate administration in a state court, even though the suit involved issues of state law. In Propper, Receiver, v. Clark, Attorney General, etc., 337 U.S. 472, 69 S.Ct. 1333, 93 L.Ed. 1480, another case involving the Alien Property Custodian, the court held that the federal court was not precluded from determining rights to property in the hands of a state court under a state receivership. Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59, a case involving diversity jurisdiction and the Louisiana Direct Actions Statute, held that a federal court could not decline, as a matter of discretion, to exercise jurisdiction over an insurer alone even though the Louisiana standards of appellate review differed from the federal standards.
 
 
 15
 As we see the problem, the case at bar presents less reason for abstention than existed in any of the cases mentioned above. The state court cases involve different parties and res judicata will not apply. Neither our decision in Rogers v. Westhoma nor the state court decisions will assuredly control the federal cases which are now stayed. In Rogers v. Westhoma the defenses of estoppel and laches were waived. Counsel for Westhoma, appearing here for respondents, said in argument that in the Oklahoma cases, both state and federal, these defenses will be asserted. Further, Rogers v. Westhoma was presented on the basis that "occurrence of production on or off the leased premises included within a unit makes no difference in the disposition of the controversy"[3] and counsel tell us that in the Oklahoma cases this concession will not be made.
 
 
 16
 The possibility of a different result in the state cases from that in the federal cases creates no exceptional circumstance in which abstention will serve an important countervailing purpose. That possibility is weakened by the impossibility of assurance at this time that the cases will be decided on the same issues. Even though the possibility ripens into actuality the incongruity of conflicting decisions as to the Oklahoma lands is no more distasteful than would be the attainment of one result for the Kansas lands and another for the Oklahoma lands. Federal jurisdiction was properly invoked before the state cases were filed and we see no reason why the exercise of that jurisdiction should be stayed.
 
 
 17
 In our opinion the trial court abused its discretion in granting the stay order.[4] In such circumstances the writ of mandamus lies to require the district court to proceed with and determine the actions pending before it.[5]
 
 
 18
 Leave to file the application for a writ of mandamus is granted. The response to that application thoroughly presents all pertinent issues and as the case has been briefed and argued on the merits the response to the application is taken as the response to a show-cause order. The writ is granted and the district court is directed to vacate its orders staying further proceedings in cases numbered 9410, 9411, 9412, 9413, 9414, 9415, 9419, 9421, 9431, 9435, 9446, 9448, 9453, 9489, 9494, 9504, 9512, 9513, and 9543 now pending on the docket of the United States District Court for the Western District of Oklahoma, and to proceed with and determine those cases.
 
 
 
 Notes:
 
 
 [1]
 County of Allegheny v. Frank Mashuda Co., supra, p. 189, 79 S.Ct. p. 1063
 
 
 [2]
 Berger v. State Farm Mutual Automobile Insurance Company, 10 Cir., 291 F. 2d 666, 668
 
 
 [3]
 Rogers v. Westhoma, supra, 291 F.2d p. 729
 
 
 [4]
 United States v. Bureau of Internal Revenue of State of New Mexico, 10 Cir., 291 F.2d 677, 679
 
 
 [5]
 McClellan v. Carland, 217 U.S. 268, 280, 30 S.Ct. 501, 54 L.Ed. 762; In re President and Fellows of Harvard College, 1 Cir., 149 F.2d 69, 73. See also LaBuy v. Howes Leather Co., Inc., 352 U.S. 249, 260, 77 S.Ct. 309, 1 L.Ed.2d 290