**Myrl RUMSEY, Garnishee, Appellant,**

v.

**GEORGE E. FAILING COMPANY,**
**Appellee.**

**No. 7331.**

United States Court of Appeals
Tenth Circuit.

June 29, 1964.

Cliff W. Ratner, Wichita, Kan. (Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., and R. R. Barnes, Wichita, Kan., on the brief), for appellant.

Harry L. Hobson, Wichita, Kan. (Robert G. Braden, Bruce W. Zuercher and Jochems, Sargent & Blaes, Wichita, Kan., on the brief), for appellee.

Before PHILLIPS and SETH, Circuit Judges, and ARRAJ, District Judge.

PHILLIPS, Circuit Judge.

This is a proceeding in garnishment upon a federal court money judgment, brought in the United States District Court for the District of Kansas. The judgment creditor is George E. Failing Company.[1] The judgment debtor is Kan-Tex Drillers, Inc.[2] The garnishee is Myrl Rumsey.

Rule 69(a), Fed.Rules Civ.Proc., in part here material, reads:

" * * * The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. * * *"

The proceeding was commenced by Failing Company filing its affidavit of garnishment, naming Myrl Rumsey as garnishee. A garnishee summons was duly issued and served upon Rumsey. The summons required the garnishee to answer whether or not he was indebted to and whether he had in his possession or under his control any property or possessions belonging to Kan-Tex. Rumsey duly filed his sworn answer as garnishee, in which he stated that he was not indebted in any manner or under any liability to Kan-Tex, and that he did not have in his possession or under his control real estate, personal property, effects, or credits, of any description belonging to Kan-Tex, or in which it had any interest, and that he was in no manner liable as garnishee in the action.

G.S.Kan.1949, § 60–945 and § 60–948 each provide that in a garnishment proceeding the affidavit of garnishment "shall be deemed the petition" and the garnishee's affidavit "the answer thereto."

G.S.Kan.1949, § 60–948, in part here material, reads:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, unless the plaintiff shall within twenty days serve upon the garnishee a notice in writing that he elects to take issue on his answer; * * *."

Failing Company duly filed its notice of election to take issue on the answer of the garnishee and within the 20-day period fixed in § 60–948, supra, served the same upon the garnishee by mailing it to the attorneys for the garnishee, in accordance with Rule 5(b), Fed.Rules Civ. Proc.

---

1. Hereinafter called Failing Company.

2. Hereinafter called Kan-Tex.

Section 60–948, supra, requires personal service upon the garnishee of the notice of election to take issue on the answer of the garnishee.[3]

G.S.Kan.1949, § 60–724, provides:

"The service of a notice shall be by copy served in any manner in which a summons may be served, * * * *"

The garnishee filed a motion to dismiss the garnishment proceeding, for the reason that service of the notice of election on the attorneys for the garnishee was not personal service upon the garnishee and for that reason the answer of the garnishee became conclusive of the truth of all the facts stated therein, by reason of § 60–948, supra.

The trial court held that Rule 5(b), Fed.Rules Civ.Proc., was applicable and that the service was proper. The matter proceeded to trial, resulting in a judgment in favor of Failing Company. The garnishee has appealed.

The primary question presented is whether Rule 5(b) or the Kansas statute, § 60–724 is applicable with respect to the manner of service.

■ The Federal Rules of Civil Procedure have the force and effect of statute.[4]

Mr. Moore, in his work on Federal Practice, 2nd Ed., Vol. 7, Ch. 69, ¶ 69.04 [2], states:

"Rule 69, supra, states 'that any statute of the United States governs to the extent that it is applicable.' A Federal Rule, which has statutory effect, will also govern." Bair v. Bank of America Nat. Trust & Savings Ass'n., 9 Cir., 112 F.2d 247, c.d. 311 U.S. 684, 61 S.Ct. 61, 85 L.Ed. 441, impliedly held to the same effect.

Paragraph 69.03 [1] of Mr. Moore's work on Federal Practice, 2nd Ed., Vol. 7, Ch. 69, in part reads:

"The Committee believed that the development of a series of rules on supplementary proceedings would be impractical and onerous in that such rules would have to be relatively detailed in order to meet the diverse situations in the various states. Furthermore, most states have provisions on supplementary proceedings which are fairly adequate. These supplementary proceedings are available in the enforcement of money judgments, regardless of whether under the prior practice the action would have been legal or equitable, since only one civil action is contemplated by the Rules, and Rule 69 covers the enforcement of any money judgment therein. * * * *"

The Kansas statutes with respect to the service of summons and other process, pleadings subsequent to the original complaint—which here was the affidavit of garnishment—written motions, written notices, appearances, demands, and other like papers, are general statutes not limited in their application to supplementary proceedings; they are found in the Kansas statutes dealing generally with civil procedure; and the provision of § 60–724, supra, is not part of the Kansas statutes regulating practice and procedure peculiarly applicable to garnishments or other supplementary proceedings.

■ We are of the opinion that in supplementary proceedings the Federal Rules of Civil Procedure with respect to the method of service and to the person who may make the service control, rather than general provisions of state practice and procedure, prescribed by state statutes, which do not deal specifically with practice and procedure in supplementary proceedings. In the instant case we need go no further in determining to what extent the Federal Rules of Civil Procedure are applicable in supplementary proceedings.

---

3. Denning v. Denning, 10 Cir., 283 F.2d 748, 752.

4. John R. Alley & Co. v. Federal Nat. Bank, 10 Cir., 124 F.2d 995, 998; Sibbach v. Wilson & Co., Inc., 312 U.S. 1, 13, 655, 61 S.Ct. 422, 85 L.Ed. 479.

The garnishee contends that the court erred in holding invalid in its entirety a chattel mortgage given by Kan-Tex to Rumsey to secure a stated obligation of $42,963.42, for the reason asserted by them that such mortgage secured an antecedent obligation of $31,846.01 and advances made contemporaneously with the giving of such mortgage of $19,932.22, and that the mortgage was valid to the extent of such contemporaneous advances. The $19,932.22 figure is clearly erroneous. The pretrial order, which reflected the facts stipulated at the pretrial conference, stated that the mortgage referred to, which was dated February 5, 1959, and filed for record February 10, 1959, was given to secure an antecedent obligation of $31,846.01, together with a loan of $2,000 made by Rumsey to Kan-Tex in November, 1958, and the payment by Rumsey of the balance of an obligation owed by Kan-Tex to Midland Supply Company of $9,477.41 in November, 1958. If we subtract the $31,846.01 from $42,963.42, the stated amount of the mortgage, it would leave a balance of $11,117.41. If we use the amounts of $2,000 and $9,477.41 stated in the pretrial order, the amount would be $11,477.41. However, the pretrial order affirmatively shows that the advances which make up the $11,477.41 figure were made in November, 1958, and antedated the mortgage. Hence, the pretrial order affirmatively shows that the total amount secured by the chattel mortgage was made up of advances made by Rumsey to or for Kan-Tex prior to the making and recording of the mortgage and the chattel mortgage was given to secure antecedent and not in any part contemporaneous obligations. That is also true with respect to a later mortgage for the amount of $51,418.23, dated April 23, 1959, and filed for record April 24, 1959, which was given to secure the indebtedness secured by the first mortgage and additional sums, which in the aggregate amounted to no more than $8,454.81, advanced by Rumsey subsequent to the execution of the first mortgage. It is a fair inference from the pretrial order that such additional sums were advanced prior to the execution of the April 23, 1959, mortgage. However, if we construe the pretrial order with respect to the second mortgage in the light most favorable to Rumsey, he advanced not more than $8,454.81 contemporaneously with the making of the second mortgage. If that be true, Rumsey was not injured. Failing Company was awarded a money judgment against the garnishee for $11,191.90 and it was stipulated that the value of the property covered by the mortgages, which subsequently to the mortgages was transferred by Kan-Tex by bill of sale to the garnishee, was between $30,000 and $35,000. The garnishee received reimbursement from Kan-Tex for $8,454.81, if such amount was advanced by Rumsey at the time of the making of the second mortgage.

We conclude that the proceedings were free from error and the judgment is affirmed.