MID-CONTINENT CASUALTY COM-
PANY, Appellant,

v.

Maxine G. EVERETT, Appellee.

No. 7789.

United States Court of Appeals
Tenth Circuit.

Jan. 12, 1965.

Darrell D. Kellogg, Wichita, Kan. (W. A. Kahrs, Robert H. Nelson, H. W. Fanning, Richard C. Hite, Wichita, Kan., and Roger Sherwood on the brief), for appellant.

Patrick F. Kelly, Wichita, Kan. (John C. Frank and James P. Johnston, Wichita, Kan., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

This is a garnishment proceeding wherein the appellee, Everett, as a judgment creditor, seeks to recover upon a policy of insurance issued by the garnishee, Mid-Continent Casualty Company, to Roy M. Hopkins, d/b/a Roy M. Hopkins Bus Line (hereinafter referred to as Hopkins). The judgment debtor is one Hester E. Segroves, who at the time in question was employed by Hopkins. The proceeding was originally commenced in state district court under applicable state law, Kan.G.S.1949, 60–940 et seq., and thereafter removed to federal district court. The appeal is from a judgment in favor of the judgment creditor and against the garnishee.

The record shows that Hopkins, pursuant to license granted by the State Corporation Commission of Kansas, operated as a common carrier of passengers and their baggage and of express, mail and newspapers over certain regular routes between Weatherford, Oklahoma, and Wichita, Kansas. In accordance with Kansas law, now Kan.G.S.1961 Supp., 66–1,128, Mid-Continent issued the insurance policy in question to Hopkins, which policy was in effect from May 13, 1958, to May 13, 1959. The policy was duly filed with the Corporation Commission and was limited to $25,000 personal injury damages per person.

In October, 1958, Segroves was employed by Hopkins as a farm hand at the latter's farm located near Anthony, Kansas. Subsequently, Segroves became a helper on the mail route between Alva and Clinton, Oklahoma. On January 16, 1959, he drove one of the buses owned by Hopkins on the route from Clinton to Wichita. There is some question as to whether Segroves operated the bus with the permission of Hopkins but, in any event, he did drive the bus on that date and arrived at the Wichita terminal at approximately 7:10 p. m. This terminal was the Pacific Hotel located at 227 West Douglas in Wichita. He left the bus at the terminal for a short time and then drove it away and never returned. In the usual course of operation the bus was scheduled to depart from the Pacific Hotel at 6:00 a. m. on January 17, 1959, for the return trip to Clinton and would travel from Wichita in a southwesterly direction on Highway 42. However, at approximately 8:30 a. m. on January 17, Segroves was driving the bus in the northwest part of Wichita and was involved in a collision with Everett at the intersection of 21st and Waco Streets. At the time, he was proceeding north on Waco Street and was admittedly intoxicated. The intersection is about 3 blocks west and 21 blocks north of the Wichita bus terminal. Thus, at the time of the accident, Segroves was driving the bus in the opposite direction he was to have taken on the bus route and was headed in that direction some 2½ hours after the scheduled departure time. There were no passengers on board and no other cargo was in the bus.

As a result of the collision, Everett filed a personal injury action in the state district court against Segroves and Hopkins. Segroves neither entered an appearance in the case nor filed an answer. Hopkins filed a verified answer denying the alleged agency or master-servant re-

lationship with Segroves. Thereafter and on March 30, 1961, a default judgment in the amount of $45,000 was awarded to Everett against Segroves. In the Journal Entry of Judgment the state court purported to find that at the time of the accident Segroves was " * * * in the course of his employment * * * " by Hopkins. On April 1, 1961, Hopkins filed a "Motion for Nunc Pro Tunc Order" to correct the findings in the Journal Entry or, in the alternative, to vacate and set aside the findings adverse to him on the ground that such findings were void. On April 17 and upon the oral motion of Everett, the state court entered an order dismissing the personal injury action as to Hopkins.

The record also discloses that Segroves died on April 25, 1960, in Arizona and on November 6, 1961, Everett filed motions in the state court to vacate the default judgment of March 30 and to revive the action against the unknown heirs and devisees of Segroves, pursuant to Kan.G.S.1949, 60–3205 et seq. She alleged in the motion that she had no notice of the death of Segroves until October 24, 1961. The state court entered an order vacating the default judgment and on December 14, 1961, entered a second order granting the motion to revive and finding, inter alia, that Everett's motion and the hearing thereon " * * * have been held within one year from the time it could have been first made." Subsequently and on January 19, 1962, a default judgment in the amount of $55,000 was rendered against the unknown heirs or devisees of Segroves and again the state court purported to find that at the time of the accident Segroves was " * * * a servant, agent, or employee and in the course of his employment * * * " by Hopkins.

On February 27, 1962, Everett filed a general execution on the January 19 judgment and on April 10, 1962, filed her affidavit of garnishment initiating the present proceeding in the state district court. A garnishee summons was duly issued and served upon Mid-Continent. The case was thereafter removed to the court below and on April 25, 1962, Mid-Continent filed an answer wherein it denied any liability or indebtedness to the judgment debtor. Everett filed notice of her election to take issue with the answer under the provisions of Kan.G.S.1949, 60–948, and mailed a copy thereof to the garnishee's counsel of record. It is undisputed that notice of the election to take issue was never served personally upon the garnishee. The garnishee then moved for summary judgment upon the ground that section 60–948 requires personal service upon a garnishee and since no such service was made the answer denying liability or indebtedness was conclusive on that issue. The lower court, at first, sustained the motion but, upon rehearing, later denied it. The pre-trial order in the case provided that the court was to decide the matter upon the admissions of fact contained therein and the exhibits and interrogatories attached thereto. The questions of law for decision were set forth in the pre-trial order as follows: (1) Whether the garnishee's motion for summary judgment should be sustained on the ground that the judgment upon which the garnishment was issued was void; and (2) whether the garnishee, by virtue of the insurance policy issued to Hopkins, had money due and owing to the judgment debtor, Segroves.

The lower court denied the motion for summary judgment and concluded that the garnishee did have money due and owing to Segroves by virtue of the policy of insurance. The trial judge was of the opinion that the state court's finding of agency or employment of Segroves by Hopkins was res judicata and, in any event, he found that at the time of the accident, the bus being driven by Segroves was incidentally used in Hopkins' business as a licensed common carrier. Judgment was rendered against the garnishee and it appeals.

The garnishee makes several contentions on this appeal to secure a reversal of the judgment below. However, in view of our decision we do not find it necessary to discuss all of such

contentions. The first is that its motion for summary judgment should have been granted because the judgment creditor failed to follow the state procedure in taking exception to the garnishee's answer and therefore that answer denying liability or indebtedness was conclusive. The argument is that the Kansas statute requires personal service upon the garnishee of the election to take issue with the answer and no such service was ever made in this case. It is true that the statute requires personal service upon the garnishee where the garnishment proceedings are had in state court. Denning v. Denning, 10 Cir., 283 F.2d 748. But, this court has recently held that where garnishment proceedings are had in federal court, the Federal Rules of Civil Procedure, rather than general provisions of state practice and procedure, control with respect to the matter and method of service and under Rule 5(b) service upon opposing counsel by mail is sufficient. Rumsey v. George E. Failing Company, 10 Cir., 333 F.2d 960. In this case a copy of the election to take issue was mailed to the attorneys for the garnishee and under the Rumsey decision that is sufficient service.

Appellant urges that the judgment should be reversed because the judgment debtor was not an insured under the policy and therefore there is no money due and owing by it under the policy to the judgment debtor. The argument is this: The finding of the state court to the effect that Segroves was an agent, servant or employee of Hopkins and in the course of his employment at the time of the accident is not res judicata or binding upon it in this proceeding; and the finding by the lower court that at the time of the accident the bus was being incidentally used in the business of Hopkins as a common carrier is not supported by the record. In other words, appellant asserts that the judgment debtor was not a permissive user of the bus within the meaning of the omnibus clause of the policy and hence the accident does not come within the coverage afforded by the policy.

Under the doctrine of res judicata the final judgment of a court of competent jurisdiction upon the merits of a controversy is conclusive as to the parties to the litigation and their privies and it is a bar to any further litigation upon the same cause of action, either before the same or any other tribunal. Heron v. City of Denver, 10 Cir., 251 F.2d 119; Continental Oil Co. v. Jones, 10 Cir., 176 F.2d 519; Viles v. Prudential Ins. Co. of America, 10 Cir., 124 F.2d 78, cert. denied, 315 U.S. 816, 62 S.Ct. 906, 86 L.Ed. 1775; Henderson v. United States Radiator Corporation, 10 Cir., 78 F.2d 674; Jayhawk Equipment Company v. Mentzer, 191 Kan. 57, 379 P.2d 342. But, res judicata does not apply between cases involving different parties. Lutes v. United States District Court for Western District of Oklahoma, 10 Cir., 306 F.2d 948, cert. denied, 371 U.S. 941, 83 S.Ct. 320, 9 L.Ed.2d 275. For the doctrine to be applicable, the action in which the judgment was rendered and the suit in which it is asserted as a bar must be between the same parties or their privies. Viles v. Prudential Ins. Co. of America, supra; Henderson v. United States Radiator Corporation, supra. Or, as the Supreme Court of Kansas has said, there must be, among other things, identity of persons and of parties to the actions. Kansas Turnpike Authority v. Watson, 189 Kan. 593, 371 P.2d 119; McDonald v. Joint Rural High School District No. 9, 180 Kan. 563, 306 P.2d 175; Kenoyer v. Board of Barber Examiners, 176 Kan. 424, 271 P.2d 267. There is no such identity of persons and parties in this case. Mid-Continent was never a party to the state court action. It is true that Hopkins was a party to the action at the time it was commenced but the action was dismissed as to him prior to the time the default judgment was taken by appellee. And, where a party is put out of a case by a dismissal, the judgment thereafter rendered is not conclusive upon him. 50 C.J.S. Judgments § 774, p. 302. See also Flanzbaum v. M. & M. Transportation Company, 2 Cir., 286 F.2d 500. Therefore, even if it is

assumed that appellant is in privity with Hopkins the default judgment is not binding upon it in this case. We must conclude that the state court judgment and the findings upon which it is based are not res judicata in the case at bar.

This leaves the question of whether the lower court's finding of permissive user is correct. In this connection, we must bear in mind that the case was submitted to the trial court upon stipulated facts and documentary evidence with no oral testimony being presented. Under those circumstances, this court is in as good a position as the trial judge to evaluate the evidence and draw conclusions therefrom and, indeed, it is our duty to do so. Nevertheless, that duty does not extend to the right or duty to make an independent evaluation without regard to the findings below. The scope of review is enlarged only to the extent that no regard need be given to the opportunity of the trial court to observe witnesses and we should set aside the findings only if they are clearly erroneous. And, the test is whether the reviewing court is left with the definite and firm conviction that a mistake has been committed. Epperson v. Connecticut Fire Insurance Company, 10 Cir., 314 F.2d 486; Commercial Standard Ins. Co. v. Universal Underwriters, 10 Cir., 282 F.2d 24; Lamb v. Interstate Commerce Commission, 10 Cir., 259 F.2d 358.

The record in this case discloses that while Hopkins subsequently denied that Segroves had permission to operate the bus on the day in question, he had previously given a written statement to representatives of the garnishee wherein he stated that Segroves did have such permission. The trial court apparently found that permission was given and we accept that finding. But, it is also clear from the facts that whether Segroves had permission or not, he was not on the regular bus route at the time of the accident. He was driving in the opposite direction from the normal route, he was 2½ hours behind the scheduled departure time, he had no passengers or other cargo

and he was intoxicated. In view of these conditions, Segroves had deviated in time, purpose, direction and distance to such a degree from any permissive use he may have had that it cannot be doubted that the actual use of the vehicle was not within the contemplation of the named insured, Hopkins, and it follows that the insurance company has no obligation to Segroves under the omnibus clause of the policy. Horn, By and Through Godwin, v. Allied Mutual Casualty Company, 10 Cir., 272 F.2d 76; Fisher v. Firemen's Fund Indemnity Company, 10 Cir., 244 F.2d 194.

Appellee argues that the Horn and Fisher cases are no longer the law because the Kansas Legislature in enacting Kan.G.S.1959 Supp., 8–750, provided that the liability of an insurer under a policy such as is involved here "* * * shall become absolute whenever injury or damage covered by said motor-vehicle liability policy occurs * * *." We do not agree. The statute does provide that the insurer's liability becomes absolute whenever injury or damage occurs provided such injury or damage is covered by the policy. In other words, liability becomes absolute under the statute when, and only when, the injury or damage comes within the coverage provided by the policy. See 6 Kan.L.Rev. 358, 367–368. And, here, the accident does not come within the coverage of the policy. Nor does the provision in the policy extending liability to all damages and injuries "* * * whether occurring on the route or in the territory authorized to be served by the insured or elsewhere in the State of Kansas" compel a different conclusion. We are not dealing here with a mere geographical deviation such as was involved in Briggs v. Burk, 172 Kan. 375, 239 P.2d 981, and Waugh v. Kansas City Public Service Co., 157 Kan. 690, 143 P.2d 788. Rather, we are dealing with a deviation in the use of the vehicle. The additional journey undertaken by Segroves at the time the accident occurred was for purely personal reasons and in no way related to Hopkins' business as

a licensed common carrier. Schoonover v. Clark, 155 Kan. 835, 130 P.2d 619.

We are convinced from an examination of the entire record that a mistake has been committed and the judgment is therefore reversed.