MANLEY MOTOR SALES CO., Plaintiff-Appellee, *v.* JERRY KENNEDY, Defendant-Appellant.

Second District    No. 80-530

Opinion filed April 9, 1981.

Karen Berkowitz Brenner, of Tampa, Florida, for appellant.

John A. Strom and Charles T. Sewell, both of Strom, Strom, Oakley & Ellis, of Belvidere, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Jerry Kennedy, appeals from an order sentencing him for contempt of court as a result of his failure to appear in response to a citation to discover assets. (Ill. Rev. Stat. 1979, ch. 110, par. 73.) The single issue is whether defendant was properly served.

Plaintiff obtained a money judgment against the defendant on November 28, 1979. Following denial of post-trial motions a notice of appeal was filed on behalf of the defendant by his trial attorneys, Franks & Schmitt. On March 11, 1980, this court by its minute order found that "appellant has failed to comply with the rules of the Supreme Court or Orders of this Court," and ordered the appeal dismissed.

The citation to discover assets was issued on January 23, 1980. The sheriff's return, dated February 6, 1980, stated that defendant could not be found because he was on vacation until March 1. Another citation was issued on February 12, 1980, and mailed to defendant at the address of his trial attorneys, Franks & Schmitt. At a hearing on the citation held on February 27, 1980, the judge found that defendant had not been personally served but that there was service on his attorney. The judge ordered that Jerry Kennedy personally appear on March 12, 1980, and that the service of the order be made upon Kennedy at his last known place of residence and also upon his attorney, Franks & Schmitt.

Franks & Schmitt filed a special and limited appearance and a motion to quash on the grounds that the citation had not been served in accordance with Supreme Court Rules. (Ill. Rev. Stat. 1979, ch. 110A, pars. 277(c) and 105(b).) On March 12, the case was continued for further service, the judge indicating that plaintiff should attempt some further specific service on Kennedy. At this hearing, attorney Franks noted that he had withdrawn from other cases for the same defendant and that his firm planned to drop the appeal of the judgment because he had not been paid.

Another citation was issued on March 26, 1980, but was returned unserved because the defendant was out of town. A hearing was held on April 16, at which the judge noted that there was no personal service or service by mail and continued the cause to May 14. The docket entry also states that on the failure of Jerry Kennedy to be present on a rule to show cause on May 14 a warrant would issue, also noting that service on Kennedy should be by certified mail at his last known address.

A notice and copy of the February 27 order was sent to defendant directed to his home address by certified mail, return receipt requested. Other copies were directed to defendant in care of his attorney, and in care of a business where he was thought to be employed. There is nothing in the record to indicate that the defendant received his notice.

On May 2 Franks & Schmitt filed another special and limited appearance and a motion to quash on the same grounds of lack of proper service. This included an affidavit by the owner of the business that stated defendant did not work there or maintain an office there. At a hearing held on May 14, the trial judge denied the motion to quash and held that service on the attorney was proper, further issuing a rule to show cause. A copy of this rule to show cause was sent to defendant at home by certified mail. The envelope was returned marked "unclaimed."

Defendant did not appear at the May 28 hearing on the rule to show cause. A warrant issued, upon which defendant was arrested on June 6. Franks & Schmitt appeared for the defendant.

A contempt hearing was held on June 25, 1980, at which defendant did not appear. His attorney, now Karen Brenner, filed a special appearance and made a motion for leave to file an interlocutory appeal by permission, which was denied. Defendant was held in contempt and ordered to appear on July 9 for sentencing. The trial judge found that the defendant, by his attorney, had filed a general appearance. There was no order prepared and no findings of fact.

On July 9, 1980, the defendant appeared for sentencing, and was sentenced to the county jail for 90 days with a provision that the sentence might be purged by payment of the judgment plus costs and interest. A notice of appeal from the contempt order was filed and a stay of enforcement was granted.

Defendant contends that he was not properly served on the citation to discover assets pursuant to the February 27, 1980, order of the court and that therefore the trial judge lacked authority to enter the contempt order.

Section 73 of the Civil Practice Act provides that a supplementary proceeding shall be commenced by service of a citation issued by the clerk according to procedures prescribed by rules. (Ill. Rev. Stat. 1979, ch. 110, par. 73.) Supreme Court Rule 277 provides that in the supplemental proceeding under section 73 "[t]he citation shall be served and returned in the manner provided by rule for service, otherwise than by publication, of a notice of additional relief upon a party in default." (Ill. Rev. Stat. 1979, ch. 110A, par. 277(c)). Supreme Court Rule 105 as relevant provides:

"(b) *Service*. The notice may be served by any of the following methods:

(1) By any method provided by law for service of summons, either within or without this State. * * *

(2) By prepaid certified or registered mail addressed to the party, restricted delivery, return receipt requested showing to whom, date and address of delivery. Service is not complete until the notice is received by the defendant, and the registry receipt is

*prima facie* evidence thereof." Ill. Rev. Stat. 1979, ch. 110A, par. 105(b).

It is clear that defendant was not properly served in compliance with the terms of the rules. He was never personally served. No signed return receipt was received into evidence; and, further, the service on defendant by certified mail, not restricted delivery, was not consistent with the statute.

Plaintiff argues, however, that an exception exists to the requirement of personal service, permitting service on attorneys who represented the party in the original action when they are shown to have continued to represent him after the judgment has been entered. No cases have been cited or found which are directed to the issue of proper service of a section 73 petition. A somewhat parallel issue under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) has been previously ruled upon by this court. (See *Grover v. Franks* (1975), 27 Ill. App. 3d 900.) In *Grover*, we agreed that there may be a need to find an exception to the specific methods of service prescribed in Supreme Court Rule 105(b) "to effectuate the equitable purpose of section 72 proceedings in exceptional cases." (27 Ill. App. 3d 900, 904.) We did not, however, find compelling circumstances where there was no evidence that the defendant's attorney of record in the original proceedings did, in fact, continue to represent him some 23 months later and where there was no showing that the plaintiff had made any efforts to independently locate the defendant. On this basis we distinguished the case of *Public Taxi Service v. Ayrton* (1973), 15 Ill. App. 3d 706, which is also cited by the plaintiff in this case. We noted that in *Ayrton* the creditor's attorney had been empowered to represent him in the garnishment proceedings which followed the default judgment, that the attorney had been in the process of enforcing the judgment at the time he received the defendant's notice of the section 72 petition, that the attorney knew the creditor's address but refused to reveal it, and that there was evidence that the debtor made every possible effort to locate the creditor before notice was finally sent to the attorney. 27 Ill. App. 3d 900, 904.

We also found exceptional circumstances to excuse the compliance with rules in *Kammes v. Seger* (1976), 41 Ill. App. 3d 768. There we noted that the default judgment was taken by the plaintiff under highly questionable circumstances, the citation to discover the defendant's assets, after the order reinstating the default judgment, was not filed until long after the two-year limitation period had passed, and the same attorney represented the plaintiff in the default proceedings and in the post-trial collection process.

■■ We are not convinced that decisions appropriate to section 72 cases are necessarily applicable under section 73. Section 72 is an equitable

remedy designed to give relief to a party who has been taken unconscionable advantage of by his opponent. Since the court is correcting a wrong, there is additional support for construing process liberally. However, in a motion under section 73 the party who must achieve service is merely trying to collect a debt and there are no similar equitable considerations to weigh against the debtor. Further, under section 105(b), as applied to section 72 motions the legislature has indicated a more liberal procedure by including service by publication as an alternative. In granting the alternate method of service in *Ayrton* the court noted that service on the attorney was far preferable to service by publication if the goal is actual notice to the party. (15 Ill. App. 3d 706, 713. See also *Silny v. Lorens* (1979), 73 Ill. App. 3d 638, 641-42.) However, under a section 73 motion, notice by publication is not permitted. (Ill. Rev. Stat. 1979, ch. 110A, par. 277(c).) But we do draw from the cases interpreting service for the purpose of the section 72 petitions the general principles that the essence of the service requirements is to provide due process; that generally due process requires following the rules, but that where the rules are inadequate substantive due process requires only actual notice, that is, reasonable assurance that notice was actually given to the party.

■■ Here, it is not clear from the record that notice was actually given. The attorneys who filed the notice of appeal apparently did not pursue the appeal, which was dismissed, and were divesting themselves of defendant's business. No real effort was made to comply with the rules once the original personal service failed. A mere special appearance by the attorney who had previously represented the defendant does not sustain a finding of actual notice. We therefore conclude that the defendant was not properly served under the rules and that there are no underlying circumstances which would assure us that he has received substantive due process in the method of service utilized contrary to the specific wording of the statute.

■■ We have also considered defendant's alternative argument that his contempt sentence was invalid because he did not receive notice of the charges against him, there was no evidence presented and no findings of fact. The defendant is charged with indirect civil contempt, since the acts occurred outside the court, and the sentence is coercive in nature rather than punitive. (*In re Estate of Shlensky* (1977), 49 Ill. App. 3d 885, 892-93.) The requirement follows that the defendant be given an adequate description of the specific misconduct with which he is charged, reasonable notice of the time and place of hearing on the charges and an evidentiary hearing. (*Shlensky*, at 893.) Here, there was no attempt to personally serve defendant with a rule to show cause. The service by mail was undelivered. The attorney for the defendant at the time the rule issued was not the attorney who represented the defendant at the con-

tempt proceedings; there is no evidence to show defendant received a copy of the rule prior to the contempt sentencing hearing; and the charge in the rule that defendant failed to appear and answer the citation does not correspond with the order of contempt which found the defendant had avoided process and failed to pay a judgment. Moreover, no evidence was taken although plaintiff's conduct was committed outside the presence of the court. See *Siegel v. Siegel* (1979), 80 Ill. App. 3d 583, 588.

■■ Although plaintiff argues that defendant's attorney at the contempt hearing and at the sentencing hearing waived this issue, we are not so convinced from our examination of the record. It is clear that defendant's attorney at the contempt hearing was attempting to maintain the jurisdictional objection which she had the right to do. See *Diaber v. Con/Chem, Inc.* (1978), 57 Ill. App. 3d 918, 920.

We therefore reverse the judgment.

Reversed.

NASH and VAN DEUSEN, JJ., concur.