William F. MARTIN, et al., Plaintiffs,

v.

C.D. GRAY, INC., et al., Defendants.

No. 80 C 3151.

United States District Court,
N.D. Illinois, E.D.

June 6, 1986.

Bernard M. Baum, Alan H. Auerbach, Walter J. Reum, Chicago, Ill., for plaintiffs.

Enrico J. Mirabelli, Heldrich, Grombacher, Mirabelli & Associates, Chicago, Ill., for defendants.

## MEMORANDUM DECISION

JOAN H. LEFKOW, United States Magistrate:

James F. Gray, against whom judgment was entered in this cause on January 3, 1986 has moved, by his attorneys, to quash the supplementary proceedings initiated in this action on the basis that the judgment debtor has not been served personally.

The docket reflects that a citation in supplemental proceedings was issued on February 5, 1986 by the clerk. On February 21, 1986, service was effected on Lord, Bissell and Brook, who had represented Gray in defense of the contempt proceeding against him which resulted in the judgment. On March 4, 1986, the court granted these attorneys leave to withdraw.

Gray relies on Rule 69 of the Federal Rules of Civil Procedure, which incorporates state practice and procedure for proceedings supplementary to judgment,[1] in conjunction with *Manley Motor Sales Company v. Kennedy*, 95 Ill.App.3d 199, 50 Ill.Dec. 679, 419 N.E.2d 947 (2d Dist. 1981). In *Manley*, the court ruled that service on the judgment debtor's former attorneys, who had represented him prior to judgment and noticed an appeal but later withdrew as his attorney, did not comply with former § 73 of the Civil Practice Act, now Ill.Rev.Stat. ch. 110, § 2–1402, and Rules 277(c) and 105(b) of the Illinois Supreme Court, Ill.Rev.Stat. ch. 110A, §§ 277(c) and 105(b). The court reasoned that § 73 provides that "a supplementary proceeding shall be commenced by service of a citation issued by the clerk according to procedures prescribed by rules." *Manley*, 95 Ill.App.3d at 201, 50 Ill.Dec. at 680–81, 419 N.E.2d at 948–49. Supreme Court Rule 277 provides that in the supplemental proceeding, " '[t]he citation shall be served and returned in the manner provided by rule for service, otherwise than by publication, of a notice of additional relief upon a party in default.' " Supreme Court Rule 105 provides for service of a notice of additional relief upon a party in default, stating as quoted in *Manley*,

(b) *Service.* The notice may be served by any of the following methods:

(1) By any method provided by law for service of summons, either within or without the state....

(2) By prepaid, certified or registered mail addressed to the party.... Ill.Rev. Stat. 1979, ch. 110A, par. 105(b).

*Manley*, 95 Ill.App.3d at 201, 50 Ill.Dec. at 681, 419 N.E.2d at 949. Since none of these procedures had been followed, the court concluded that defendant had not been properly served under the rules. *Id.* at 202, 50 Ill.Dec. at 681, 419 N.E.2d at 949. The court further rejected the argument that an exception should be made for service on attorneys who represented the party in the original action when they are shown to have continued to represent him after the judgment has been entered. *Id.* Such an exception had been recognized in Illinois under Section 72, now Ill.Rev.Stat. ch. 110 § 2–1401, "Relief from Judg-

---

1. Rule 69 states, in relevant part,

   The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, ... except that any statute of the United States governs to the extent that it is applicable.

ments." *E.g., Public Taxi Service v. Ayrton,* 15 Ill.App.3d 706, 304 N.E.2d 733 (1973); *Kammes v. Seger,* 41 Ill.App.3d 768, 769, 355 N.E.2d 167 (1976). The court distinguished the Section 72 cases from proceedings under Section 73 on the grounds that "Section 72 is an equitable remedy designed to give relief to a party who has been taken unconscionable advantage of by his opponent," whereas "under Section 73 the party who must achieve service is merely trying to collect a debt and there are no similar equitable considerations to weigh against the debtor."[2] *Manley,* 95 Ill.App.3d at 202–03, 50 Ill.Dec. at 681, 419 N.E.2d at 949. Finally, reasoning that the essence of the service requirement is to provide due process, the court reflected that it was not clear from the record that notice had actually been given to the judgment debtor. *Id.*

Plaintiffs in opposition to the motion argue that the service of papers and pleadings in supplemental proceedings is governed by Rule 5 of the Federal Rules of Civil Procedure.[3] They rely on *Rumsey v. George E. Failing Company,* 333 F.2d 960 (10th Cir.1964). *Rumsey* concerned a proceeding in garnishment upon a federal court money judgment. A garnishee summons was issued and served upon the garnishee, Rumsey. Rumsey filed an answer as garnishee, stating he was not indebted to and did not hold any assets of the judgment debtor. The plaintiff, following Kansas law, chose to take issue on the answer of the garnishee and "within the 20–day period fixed in [Kansas law] served the same upon the garnishee by mailing it to the attorneys for the garnishee, in accordance with Rule 5(b), Fed. Rules Civ. Proc." *Id.* at 961. Kansas law required personal

service on the garnishee of the notice of election to take issue on the answer of the garnishee. Rumsey moved to dismiss on the basis that personal service had not been made upon the garnishee. The court reasoned that the Kansas statute requiring personal service of process was a general statute, not limited in application to supplementary proceedings but dealing generally with civil procedure. *Id.* at 962. The court ruled that Federal Rules of Civil Procedure with respect to method of service would govern, rather than general provisions of state practice and procedure, "which do not deal specifically with practice and procedure in supplementary proceedings." *Id.* The court held that service under Rule 5(b) was proper.

Plaintiff also points out that the court had jurisdiction over Gray at least as early as August 23, 1983, when he appeared in response to a citation proceeding on the judgment against his company, C.D. Gray, Inc.; that the judgment entered in this case on February 3, 1986 was pursuant to a contempt proceeding against Gray personally; that the attorneys who represented Gray in that contempt proceeding were served with the citation requiring Gray to appear before the court on February 21, 1986; that it was not until March 21, 1986 that the attorneys were granted leave to withdraw, after having made the oral representation in open court that all process and correspondence received by them had been promptly transmitted to Gray by mail. Plaintiffs' Response to Defendants' Motion for Leave to File Special and Limited Appearance and to Quash Supplementary Proceedings, par. 6.

Gray distinguishes *Rumsey* on the grounds that Kansas had no specific proce-

---

**2.** This is a dubious proposition. The Historical and Practice Notes to § 2–1402, published at Ill.Rev.Stat. ch. 110 § 2–1402 (Smith Hurd 1983) states,

> The citation to discover assets procedure prescribed by this section and rule 277 is an extraordinary remedy, essentially equitable in character, intended to reach recalcitrant or dishonest debtors who are able but unwilling to satisfy in part or in whole judgment or decrees against them. . . .

**3.** Rule 5, "Service and Filing of Pleadings and Other Papers," provides in relevant portion,

> (b) **Same: How Made.** Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. . . .

dure for service of process in supplemental proceedings, but Illinois does. Thus, Illinois' procedure should be followed.

The court, like the parties, has found few cases that have considered the precise issue, whether service of a citation to discover assets may be made under Rule 5(b). *Mid-Continental Casualty Company v. Everett,* 340 F.2d 65 (10th Cir.1965), followed *Rumsey* on precisely the same issue. There is little question, however, that federal rules of service apply. In addition to *Rumsey* and *Mid-Continental, Moore's Federal Practice,* for example, states simply that federal rules govern service under supplemental proceedings. 7 *Moore's Federal Practice,* ¶ 69.05[1], at 69–30, *citing Meyer v. Consolidated Ice Company,* 163 Fed. 400 (Cir.Ct., E.D.N.Y.1908). This is sensible so that where process must issue, it issues in conformity with the rules of the court with jurisdiction of the subject matter. *See, e.g., United States ex rel. Tanos v. St. Paul Mercury Insurance Company,* 361 F.2d 838 (5th Cir. 1966) (service of writ of garnishment must be by United States marshal, not county sheriff). The real question is whether personal service is required as in service of initial process under Rule 4(e) or whether a citation summons is a subsequent pleading within the meaning of Rule 5.

■ In general, the answer to this question is that personal service is required for service of a citation to discover assets. Rule 69 plainly incorporates state procedure and Illinois law contemplates personal service of a citation to discover assets, as discussed above. Nothing to the contrary can be discerned from the federal rules.[4] The reason for personal service is undoubtedly that one cannot assume that an attorney continues to represent a party after judgment, so the initial process for a supplemental proceeding must be personally served. Nevertheless, as acknowledged in *Manley,* "... the essence of the service requirements is to provide due process;"

and although "generally due process requires following the rules, ... where the rules are inadequate substantive due process requires only actual notice, that is, reasonable assurance that notice was actually given to the party." *Manley,* 95 Ill. App.3d at 203, 50 Ill.Dec. at 682, 419 N.E.2d at 950.

■ The court finds the instant matter a proper one in which to follow *Manley's* equitable exception. This is not a fact situation similar to *Manley.* Rather, this judgment debtor has retained counsel to contest jurisdiction over him. Thus, unlike the judgment debtor in *Manley,* there is no doubt that Gray has received actual notice. Due process is satisfied. Furthermore, the history of this case reflects nothing but attempts by Gray and his company to avoid paying the judgments that have been lawfully entered. Thus, the court concludes that it would be inequitable to quash the citation, in spite of deviation from correct procedure.

This conclusion is soundly based in the federal courts' disinclination to elevate form over substance. For example, in *National Labor Relations Board v. Hopwood Retinning Company,* 104 F.2d 302 (2d Cir. 1939), a new company was organized to avoid a cease and desist order against another company. The new company moved to dismiss a contempt action in federal court on the basis that no Labor Board complaint had ever issued against it. The court concluded that the "procedural defect ... afford[ed] no loophole whereby the respondents can avoid compliance with the court's order." *Id.* at 304. It pointed out that the new company "was thoroughly cognizant of all the prior proceedings ... and that it was attempting to make use of its omission as a formal party from the order of this court as a justification for its non-compliance...." *Id. See also, Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698 (2d Cir.1985) (Rule 5, rather than service requirements of the Arbitration Act, 9

---

4. In *Rumsey* and *Mid-Continental,* by contrast, the garnishee was already before the court in the supplemental proceeding. The notice to

take issue on the answer was a subsequent pleading within Rule 5.

U.S.C. § 9, for application to confirm arbitration award was applicable where party to be served was already before the court in related proceeding); *Tanos*, 361 F.2d at 840 (dissenting opinion criticizing formalistic application of Rule 4 in quashing service where actual notice was received). Gray is merely looking for a loophole. The court finds none for him.

For these reasons, the Motion to Quash the Supplementary Proceedings is denied. Defendant's Motion for Leave to File Special and Limited Appearance is denied. Counsel is given leave to file an appearance on behalf of the judgment debtor. James F. Gray is ordered to appear before this court on Thursday, July 10, 1986 at 2:00 p.m. for supplemental citation proceedings. Failure to appear will result in a Rule to Show Cause why this defendant should not be held in contempt of court.

Under Rule 72(a), Fed.R.Civ.P., objections to this order must be filed with the district judge within ten days after its entry. Failure to object will constitute a waiver of objections on appeal.