**OKLAHOMA RADIO ASSOCIATES, an Oklahoma general partnership of J. Patrick Collins and Greg L. Armstrong; J. Patrick Collins, an individual; Greg L. Armstrong, an individual, Plaintiffs–Appellants/Cross–Appellees,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, a receiver for Citizens National Bank and Trust Company, Defendant–Appellee/Cross–Appellant,**

v.

**MAGNOLIA BROADCASTING COMPANY, INC., Third–Party–Defendant.**

Nos. 91–6255, 91–6268.

United States Court of Appeals, Tenth Circuit.

July 13, 1992.

John C. McMurry, Oklahoma City, Okl., and Gregg R. Maynard, Houston, Tex., for plaintiffs-appellants/cross-appellees.

R. Pope Van Cleef, Jr. of Bush and Underwood, Oklahoma City, Okl., and E. Whitney Drake, Special Counsel, Alfred J.T. Byrne, General Counsel, Ann S. DuRoss, Asst. General Counsel, and Richard J. Osterman, Jr., Sr. Counsel, F.D.I.C., Washington, D.C., for defendant-appellee/cross-appellant.

Before ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

In these cross appeals, the parties challenge the district court's determinations underlying the entry of a deficiency judgment in favor of the Federal Deposit Insurance Corporation (FDIC).[1] Reviewing the district court's determination de novo, we affirm entry of the deficiency judgment, but for reasons other than those relied upon by the district court. *See Griess v. Colorado*, 841 F.2d 1042, 1047 (10th Cir.1988) (appellate court may affirm district court decision based upon grounds supported by the record, but upon which district court did not rely).

Plaintiffs commenced this action for breach of contract. The FDIC responded by asserting a counterclaim to foreclose a mortgage interest the FDIC held in Plaintiffs' property. In November 1989, the district court entered judgment in favor of the FDIC on its counterclaim in the amount of $158,109.80, plus $70,722.76 accrued interest, and ordered the foreclosure of mortgage and judgment liens held by the FDIC against Plaintiffs. Pursuant to that order, the property subject to those liens was sold on January 15, 1991. The district court confirmed the sale on April 3. Because the proceeds of the sale were insufficient to satisfy the judgment, the FDIC, on April 10, 1991, filed a motion for the entry of a deficiency judgment pursuant to Okla.Stat. tit. 12, § 686, and sent copies of that motion, by regular mail, to Plaintiffs' attorneys. The attorneys concede receiving copies of the motion the next day, April 11.

Section 686 provides, in pertinent part, that, following the sale of property in a foreclosure action,

... no judgment shall be enforced for any residue of the debt remaining unsat-

---

* Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

isfied as prescribed by this act after the mortgaged property shall have been sold, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety (90) days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct.

Okla.Stat. tit. 12, § 686 (footnote omitted).

Plaintiffs moved to have the FDIC's motion for a deficiency judgment dismissed, arguing that because the FDIC had not personally served them with the motion within ninety days of the foreclosure sale, the FDIC's right to a deficiency judgment had been extinguished. The district court denied Plaintiffs' motion to dismiss and granted the FDIC's motion for entry of a deficiency judgment. The district court concluded that, although section 686 required the FDIC to serve Plaintiffs personally with the deficiency judgment motion within ninety days of the foreclosure sale, the FDIC had substantially complied with that requirement, in light of Plaintiffs' receipt of actual notice of the motion, through its delivery to Plaintiffs' attorneys within the ninety-day period.

In appeal No. 91–6255, Plaintiffs assert that the district court erred in denying their motion to dismiss, in light of the FDIC's failure to effect personal service of the deficiency judgment motion within ninety days of the foreclosure sale. In appeal No. 91–6268, the FDIC argues that the district court erred in determining that Okla.Stat. tit. 12, § 686, required the FDIC to serve Plaintiffs with the motion within ninety days of the foreclosure sale.

■ The parties, on appeal, do not dispute that Okla.Stat. tit. 12, § 686, governs the substance of the deficiency judgment proceeding. *See International Paper Co. v. Whitson,* 595 F.2d 559, 562 (10th Cir.

1979); *Reconstruction Fin. Corp. v. Breeding,* 211 F.2d 385, 390 (10th Cir.1954). The first issue presented, therefore, is whether state or federal law governs service of the motion for a deficiency judgment, made under section 686, to enforce a money judgment entered in federal court. Federal Rule of Civil Procedure 69(a) provides that

[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, *except that any statute of the United States governs to the extent that it is applicable.*

(emphasis added). Because the Federal Rules of Civil Procedure have the force and effect of a federal statute, those rules, rather than Oklahoma law, will govern service of the motion for a deficiency judgment. *See Rumsey v. George E. Failing Co.,* 333 F.2d 960, 962 (10th Cir.1964); *see also Mid–Continent Casualty Co. v. Everett,* 340 F.2d 65, 69 (10th Cir.1965); *Martin v. C.D. Gray, Inc.,* 110 F.R.D. 398, 401 (N.D.Ill.1986); 12 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 3012 (1973); 7 James W. Moore, Moore's Federal Practice ¶ 69.04[2] (1992).

In *Rumsey,* this court held that "in supplementary proceedings the Federal Rules of Civil Procedure with respect to the method of service ... control, rather than general provisions of state practice and procedure, prescribed by state statutes, which do not deal specifically with practice and procedure in supplementary proceedings." *Rumsey,* 333 F.2d at 962. Plaintiffs argue that, because section 686 specifically requires personal service of the deficiency judgment motion, Oklahoma law should govern service of that motion.

Although the Kansas statute addressed in *Rumsey* did not specify the method of service required, prior case law had established that that statute required personal service. *See Rumsey,* 333 F.2d at 961–62 and n. 3 (citing *Denning v. Denning,* 283

F.2d 748, 752 (10th Cir.1960)). The difficulty in *Rumsey* was that, although the Kansas statute required "personal service," that term had to be defined by reference to general Kansas law concerning practice and procedures. Rather than apply general state procedural law, this court determined that, pursuant to Fed.R.Civ.P. 69, federal procedural rules would apply. Similarly, in these appeals, even though Okla. Stat. tit. 12, § 686, specifies personal service, that service must be further defined by general Oklahoma procedural law. *See* Okla.Stat. tit. 12, § 2004. Like *Rumsey*, therefore, the federal rules, rather than state law, will control service of the motion for a deficiency judgment made in federal court under section 686.

The next question presented is whether the federal rules require personal service of the deficiency judgment motion, under Fed.R.Civ.P. 4, as the initial process in a supplementary post-judgment proceeding, or whether the motion may be served, by mail on opposing counsel, as a subsequent pleading under Fed.R.Civ.P. 5. *See Martin*, 110 F.R.D. at 401.

Personal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit. *See Hagmeyer v. United States Dep't of Treasury*, 647 F.Supp. 1300, 1303 (D.D.C.1986) (citing 4 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1063). Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987) (citing *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946)).

In this case, however, the district court's exercise of personal jurisdiction over the parties had been established by service of the breach of contract complaint and the FDIC's counterclaim initiating the fore-closure action. Further, entry of the deficiency judgment cannot be deemed to be the commencement of a general execution proceeding. Rather, a deficiency judgment is a supplemental order entered in the foreclosure litigation which allows a judgment creditor then to obtain a writ of general execution to satisfy the deficiency judgment. *See Mehojah v. Moore*, 744 P.2d 222, 225 (Okla.Ct.App.1987).

In light of these considerations, service of the motion for a deficiency judgment is more appropriately effected under Fed. R.Civ.P. 5, rather than Rule 4. The FDIC's sending copies of the motion, by regular mail, to Plaintiffs' attorneys sufficed to satisfy Rule 5's requirements. *See Mid–Continent Casualty Co.*, 340 F.2d at 69. The district court's entry of the deficiency judgment was, therefore, not erroneous. In light of our disposition of these issues, we need not address the parties' remaining arguments.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.