UNITED STATES of America, Plaintiff,

v.

James W. PAULY, Donald Southard, Wayne D. Hoss, Floyd Ray Perkins, Charles Lunt, Jr. and James W. Nevis, Principal Defendants,

Franklin Lamoille Bank, Mount Mansfield Company, Garnishee Defendants.

No. M84–122 CA.

United States District Court, W.D. Michigan.

Aug. 21, 1989.

Janice Kittel Mann, Grand Rapids, Mich., Gabriel N. Steinberg, Deputy Regional Counsel, GSA, Chicago, Ill., for plaintiff.

Timothy A. Fusco, Dykema, Gossett, Detroit, Mich., M. Jerome Diamond, Diamond & Associates, Mont Pelier, Vt., Mark R. Fox, Lansing, Mich., for defendants.

## OPINION AND ORDER

MILES, Senior District Judge.

On September 8, 1988, this Court entered judgment against the remaining defendants in this action, one of whom was Wayne D. Hoss, a general partner of the California general partnership, "Kinross Park." In the opinion also entered on that date, I determined that defendant Hoss was jointly and severally liable in his capacity as a personal guarantor of the note to the United States in the amount of $2,362,-506.08. On April 17, 1989, the United States of America, in furtherance of its effort to collect on the judgment, sought and obtained from this Court several writs of garnishment. The writs issued were based upon affidavits sworn and subscribed to by the Assistant United States Attorney. Each affidavit, in accordance with MCR 3.101(D)(3)(a) and (b), stated:

4. That your deponent says that she has good reason to believe that [the garnishee-defendant] has possession or control of property, money, goods, chattels, credits, negotiable instruments and effects belonging to the Principal Defendant or is indebted to the Principal Defendant.

Subsequent to obtaining the writs, the United States served them by certified mail on the garnishee defendants and on principal defendant Hoss, all of whom were out of state defendants. The writ of garnishment directed to garnishee defendant

Franklin Lamoille Bank disclosed that it held property of defendant Hoss in the amount of $11,210.02. The writ of garnishment directed to defendant Hoss' employer, Mount Mansfield Resort, indicated that it was in control of assets of defendant Hoss in the amount of $222.33. None of the remaining garnishee defendants which were served with writs of garnishment possess or control property of defendant Hoss or are indebted to him.

Defendant Hoss now seeks to have the writs of garnishment quashed. In support of his motion, defendant Hoss argues that the writs of garnishment were improperly served under Fed.R.Civ.P. 69(a) and 28 U.S.C. § 569(b) or alternatively under MCR 2.105, and that the United States has failed to satisfy the affidavit requirement of MCR 3.101(D)(3), since its actions in sending writs of garnishment to all the banks in the Village of Stowe, Vermont (where defendant Hoss resides) demonstrate that it did not "know or have good reason to believe" that the banks held monies, if any, belonging to him. Moreover, defendant Hoss also seeks Fed.R.Civ.P. 11 sanctions against the United States since the Assistant United States Attorney's alleged belief in the affidavits that the garnishee defendants held property belonging to him was neither "formed after reasonable inquiry" nor was it "well grounded in fact."

Execution proceedings in federal court are governed by Fed.R.Civ.P. 69(a), which provides:

> (a) In general. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceeding on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable....

Rule 69 makes clear that the execution proceedings in this case are governed by Michigan law. Specifically, the procedures set forth in subchapter 3.100 of the Michigan Court Rules, Debtor–Creditor, provide the mechanism for enforcing a judgment rendered in this court.

■ Before proceeding to defendant Hoss' arguments, the United States' contentions as to defendant Hoss' standing to object to the method of service of process, and waiver of any objection due to the garnishee defendants' acceptance of service and disclosure of assets must be addressed. In its response to defendant Hoss' motion to quash the writs of garnishment, the United States argues that defendant Hoss has no standing to object to the method of service of process upon the garnishee defendants since the service has been accepted, the garnishee defendants have already responded and the service was not directed to him. This argument, however, ignores two clearly applicable provisions of MCR subchapter 3.100. First, MCR 3.101(K)(1) provides that "[t]he principal defendant may object to the garnishment or move to dissolve it at any time." Second, MCR 3.101(E)(3), relating to the contents of a writ of garnishment, provides that:

> The writ shall:
>
> *       *       *       *       *       *
>
> (3) *inform the principal defendant that unless the principal defendant moves to set aside the writ, answers, or otherwise defends* within 14 days after the disclosure is filed, an order may enter without further notice directing that the property or debt held pursuant to the garnishment be applied to the satisfaction of the plaintiff's judgment.... (emphasis supplied).

In light of these two provisions, any conclusion that defendant Hoss lacks standing to object to the writs of garnishment would be a non sequitor. Thus, it is clear that defendant Hoss has standing to object to the writs of garnishment.

The United States also contends that defendant Hoss is barred from raising any objection to the writs because all of the garnishee defendants have accepted service and have already disclosed pursuant to the writ. Thus, the argument goes, the gar-

nishee defendants' response waived any technical objections to the writs that the principal defendant may have. Here again, the United States ignores a relevant court rule. Mich. Court Rule 3.101(J)(4) provides that;

> The filing of a disclosure, the filing of answers to interrogatories, or the personal appearance by or on behalf of the garnishee defendant at a deposition does not waive the garnishee defendant's right to question the court's jurisdiction, the validity of the proceeding, or the plaintiff's right to judgment.

Based upon this court rule, it is clear that neither Franklin Lamoille Bank nor Mount Mansfield Resort waived any objection to the garnishment proceedings by filing a disclosure statement pursuant to the writ of garnishment. Furthermore, even had the garnishee defendants waived compliance with the garnishment procedures, such waiver would not operate as a waiver for the principal defendant. *People's Wayne County Bank v. Stott*, 246 Mich. 540, 224 N.W. 352 (1929). Hence, this argument is also without merit.

■ Defendant Hoss argues that service of the writs of garnishment was improper since it was accomplished by certified mail, rather than personal service by the U.S. Marshal, as required by 28 U.S.C. § 566(c).[1] Section 566(c) provides:

> Except as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties.

As noted earlier, Rule 69(a) states that "the practice and procedure of the state in which the district court is held ... [shall apply], except that any statute of the United States governs to the extent that it is applicable...." Under Rule 69(a), state supplementary procedure is subordinated only when there is a federal statute fulfilling a comparable function. *Textile Banking Co., Inc. v. Rentschler*, 657 F.2d 844 (7th Cir.1981).

There are few cases, if any, that have considered the issue of whether a writ of garnishment must be served by the U.S. Marshal pursuant to 28 U.S.C. § 566(e). However, the cases dealing with issues concerning the method of service have consistently held that federal rules of service apply to supplementary proceedings to enforce judgments. In *Rumsey v. George E. Failing Company*, 333 F.2d 960 (10th Cir. 1964), the court was faced with the issue of whether the judgment creditor, Failing Company, was required to serve its "notice of election to take issue on the answer of the garnishee" by personal service pursuant to G.S. Kan.1949 § 60–948, or by mail pursuant to Fed.R.Civ.P. 5(b). The court noted that the Kansas statutes with respect to service of summons and other process were general statutes, not limited in their application to supplemental proceedings. Based upon this fact, the court concluded:

> We are of the opinion that in supplementary proceedings the Federal Rules of Civil Procedure with respect to the method of service and *to the person who may make the service* control, rather than general provisions of state practice and procedure, prescribed by state statutes, which do not deal specifically with practice *and procedure in supplementary proceedings.*

*Id.* at 962. Rule 69(a) does not require application of state statutes which deal *generally* with service of process; rather

---

1. Both parties in their briefs cite to 28 U.S.C. § 569(b), which provides

   United States marshals shall execute all lawful writs, process and orders issued under authority of the United States, including those of the courts and Government of the Canal Zone, and command all necessary assistance to execute their duties.

   This is not the relevant statute, since it was repealed by Pub.L. 100–690, Title VII

   § 7608(a)(1), Nov. 18, 1988, 102 Stat. 4512. The appropriate statute is 28 U.S.C. § 566(c). The language of § 566(c), however, is substantially similar to that of former § 569, except for the proviso in § 566(c), "[e]xcept as otherwise provided by law or Rule of Procedure...." The Court interprets this proviso as referring to federal, and not state law.

Rule 69(a) contemplates application of state statutes that deal specifically with enforcement of judgments. *See generally* Wright and Miller, Federal Practice and Procedure § 3012 at 66. This interpretation of Rule 69(a) is necessary "so that where process must issue, it issues in conformity with the rule of the court with jurisdiction of the subject matter." *Martin v. C.D. Gray, Inc.*, 110 F.R.D. 398 (N.D.Ill.1986).

In the course of their briefing, both parties have overlooked the operation of Fed. R.Civ.P. 4(c) on the writs of garnishment. Rule 4(c) provides that "Process, other than a subpoena or a summons and complaint, shall be served by a United States marshal or deputy United States marshal, or by a person specially appointed for that purpose." Rule 4(c), which has the force and effect of a statute,[2] is consistent with 28 U.S.C. § 566(e) and has been applied by at least one court to service of writs of garnishment. In *United States v. St. Paul Mercury Insurance Co.*, 361 F.2d 838 (5th Cir.1966), the court of appeals was presented with the issue of whether the district court erred in quashing the service of a writ of garnishment. A use plaintiff in that case secured a judgment in the district court and instituted garnishment proceedings. The writ of garnishment was served upon St. Paul Mercury Insurance Company, the garnishee, by a Florida County Sheriff pursuant to Rule 1.3(c) of the Florida Rules of Civil Procedure. The court of appeals found that Rule 4(c) of the Federal Rules of Civil Procedure, rather than Rule 1.3(c) of the Florida Rules of Civil Procedure, was the proper rule governing service of the writ of garnishment since Rule 1.3(c) was not a rule peculiarly applicable to service or writs of garnishment. *Id.* at 839.[3]

Similarly, Rule 4(c) and 28 U.S.C. § 566(c) govern service of writs of garnishment in this case because subchapter 2.100 of the Michigan Court Rules relates to service of process in general and does not apply specifically to supplementary proceedings. The United States has not advanced any reason that would support a different outcome, other than that no federal statute requires all process to be directed to the United States Marshal.[4] This argument overlooks the mandate of Rule 4(c), which requires personal service by the U.S. marshal, a deputy U.S. marshal or a person specially appointed for that purpose. Certified mail meets none of these requirements. Accordingly, defendant Hoss' motion to quash service of the writ of garnishment is granted.

■ Defendant Hoss also seeks Rule 11 sanctions against the United States on the basis that the Assistant U.S. Attorney improperly deposed that she had good reason to believe that all of the garnishee defendants had control of his property or were indebted to him. More specifically, defendant Hoss contends that the Assistant United States Attorney's conduct in signing the affidavits was inconsistent with her "shotgun" approach in naming all of the banks in Stowe, Vermont as garnishee defendants. In support of this argument, defendant Hoss has cited *Kinee v. Abraham Lincoln Federal Savings & Loan Ass'n*, 365 F.Supp. 975 (E.D.Pa.1973). The plaintiff in *Kinee* sued every individual or lending institution in the Philadelphia telephone book under "mortgage brokers" or a related heading, resulting in 177 named defendants. The court found that Rule 11 sanctions in the form of costs were proper for the defendants who were voluntarily dismissed from the case, since the plaintiff's indiscriminate naming of those defen-

2. *Rumsey v. George E. Failing Co.*, 333 F.2d 960 (10th Cir.1964).

3. *United States v. St. Paul Mercury Insurance Co.*, 361 F.2d 838 (5th Cir.1966) involved Fed.R. Civ.P. 64 rather than Rule 69(a). However, Rule 64, like Rule 69(a) provides for the application of state law, except that "any existing statute of the United States governs to the extent to which it is applicable...."

4. In support of this position, the United States cites *Rakauskas v. Erie R. Co.*, 237 F. 495 (E.D. N.Y.1916) and *United States v. Mitchell*, 223 F. 805 (E.D.N.Y.1915). Both cases are distinguishable because they involved service of summons and complaints pursuant to state procedural practice rather than post-judgment execution proceedings pursuant to Rule 69(a).

dants inconvenienced them and was an abuse of process. *Id.* at 982–83.

I am not, however, persuaded by the analogy which defendant Hoss attempts to draw between *Kinee* and the instant action. Indiscriminately naming a large number of defendants out of a telephone book and then forcing them to defend the action is a far cry from serving three banks in a small town with writs of garnishment. As the United States notes in its brief, the only inconvenience to the banks would be in returning the garnishment disclosure within 7 days after being served. In assessing whether Rule 11 sanctions are appropriate, the Court must decide whether counsel acted reasonably under the circumstances presented. *Century Products, Inc. v. Sutter,* 837 F.2d 247 (6th Cir.1988). The Court should avoid judging counsel's behavior by employing the wisdom of hindsight; instead, the Court "should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *INVST Financial Group v. Chem–Nuclear Systems,* 815 F.2d 391, 401 (6th Cir.1987) (quoting Fed.R.Civ.P. 11 advisory committee's note to 1983 amendment). Furthermore, the standard by which counsel's conduct is judged is an objective standard of reasonableness under the circumstances. *Id.* at 401.

It appears that the United States discovered that defendant Hoss was residing in the small town of Stowe, Vermont and that he was gainfully employed. Based upon this information, the United States sought to discover if any of the three banks in that town held property belonging to defendant Hoss. In light of the circumstances, I am of the opinion that the Assistant U.S. Attorney's conduct was reasonable. It was

not unreasonable, given the circumstances at the time, for the U.S. Attorney to certify that she had "good reason to believe" that the garnishee defendants had control of property belonging to defendant Hoss or that they were indebted to him.[5] Accordingly, defendant Hoss' motion for Rule 11 sanctions is denied.

IT IS SO ORDERED.

---

5. Defendant Hoss argues that the United States should have resorted to use of discovery procedure to locate his assets. Neither Rule 69(a) nor the Michigan Court Rules require a judgment creditor to resort to discovery tools to locate a judgment debtor's assets. Rule 69(a) merely provides that the judgment creditor *may* obtain discovery from any person by resort to state discovery procedures or those provided in the Federal Rules of Civil Procedure. Additionally, MCR 3.101(J)(1) provides:

Within 14 days after service of the garnishee defendant's disclosure, the plaintiff may serve the garnishee defendant with written interrogatories or notice the deposition of the garnishee defendant. The answers to the interrogatories or the deposition testimony becomes part of the disclosure.

Hence, the Michigan Court Rules themselves contemplate service of a writ of garnishment *prior* to use of discovery devices.