Jennifer C. TURPEN; Donald Lee Thomas, Plaintiffs–Appellees,

v.

CITY OF CORVALLIS, Defendant–Appellant.

No. 92–35207.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 1, 1993.

Decided June 17, 1994.

Robert E. Franz, Jr., Eugene, OR, for defendant-appellant.

Sara R. Morrissey, Oregon Legal Services Corp., Albany, OR, for plaintiffs-appellees.

Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.

PER CURIAM:

I.

Jennifer Turpen and Donald Thomas (Plaintiffs) brought a § 1983 action against the City of Corvallis, alleging the City's termination without notice of their water service because their landlord failed to pay the water bill violated their right to due process. The parties submitted the case for summary judgment on stipulated facts. The district court held Plaintiffs had no property right to continued water service, but did have a prop-

erty right in a cause of action for injunctive relief against the landlord and had been deprived of this property interest without due process by the termination of service without notice. We affirm.

## II.

Oregon law requires a landlord to maintain dwelling units in a habitable condition; a dwelling unit is uninhabitable under Oregon law if it "substantially lacks ... [a] water supply." Oregon Landlord and Tenant Act, Or.Rev.Stat. § 90.320(1)(c). Section 90.-360(1) of the statute provides the tenant with a cause of action to "recover damages and obtain injunctive relief for any noncompliance ... with ... ORS § 90.320." Relying on the holding in *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982), that "a cause of action is a species of property protected by the Fourteenth Amendment," the district court held Plaintiffs' state-law cause of action against their landlord under § 90.320 constituted such a property interest.

### A.

█ The City argues its failure to give notice before cutting off Plaintiffs' water supply did not deprive them of their cause of action under § 90.360 because it did not prevent them from suing for damages or injunctive relief *after* the services were terminated. Responding to a similar argument in a virtually identical case, the Eleventh Circuit concluded:

> The statutes were clearly drafted not only to allow compensation but to *prevent* wrongful eviction. Where the City fails to afford the tenant sufficient notice to allow him time to apply for an injunction, it deprives him of his statutory right to prevent a wrongful act. The Supreme Court has recognized that " ... the cessation of essential services for any appreciable time works a uniquely final deprivation." *Memphis Gas, Light & Water Div. v. Craft,* 436 U.S. 1, 20, 98 S.Ct. 1554, 1566, 56 L.Ed.2d 30 (1978). That is especially true where the landlord's request for the cessation of those services violates a tenant's right to

continuous occupation and quiet enjoyment of his leasehold.

*DiMassimo v. City of Clearwater,* 805 F.2d 1536, 1540 (11th Cir.1986).

We agree that the tenant's right to seek injunctive relief prior to the termination of water service is separate from the right to seek damages or abatement. Use of the premises without interruption of water services can be secured only by an action for injunctive relief before that interruption occurs.

The City argues *DiMassimo* is inapposite because the tenants in *DiMassimo* could not contract directly with the city, whereas the tenants in this case could; the landlord in *DiMassimo* asked the City to discontinue the water service, whereas the landlord in this case merely failed to pay the bill; and *DiMassimo* held the tenant had a property right to continuous water service in addition to the property right to bring a suit against the landlord for injunctive relief, whereas the tenants in this case have not established the existence of such a right. None of these distinctions is relevant to whether the City's termination of water service without notice extinguishes the tenants' right to seek pre-termination injunctive relief without due process.

### B.

█ The City argues a pre-termination notice requirement would be unduly burdensome. Whether notice is practicable under the circumstances is relevant to what process is due in a particular case, not to whether a due process right exists. Where, as here, the City has full knowledge of the addresses at which it intends to terminate water service, providing pre-termination notice at those addresses (which is all Plaintiffs are seeking) is not impracticable. *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 313–14, 70 S.Ct. 652, 656–57, 94 L.Ed. 865 (1950).

The City's reliance on *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (statutory damages action sufficient to satisfy due process), is misplaced. Pre-termination notice to the Plaintiffs was not im-

980

possible, as it was in *Parratt,* and the City's termination of the water service was not a "random and unauthorized act," but rather occurred pursuant to "established state procedure." *Logan,* 455 U.S. at 436, 102 S.Ct. at 1158.

## III.

■ Plaintiffs argue the district court erred in determining they had no property right to continuous water service from the City. They offer this argument not simply as an alternative ground supporting the summary judgment in their favor, but rather as a ground for modifying the judgment to expand their rights and their entitlement to damages for the violation of those rights. Since Plaintiffs did not file a cross-appeal, we decline to address the question. *Engleson v. Burlington Northern Ry. Co.,* 972 F.2d 1038, 1041 (9th Cir.1992) ("Generally, a cross-appeal is required to support modification of the judgment, but ... arguments that support the judgment as entered can be made without a cross-appeal." (citations and internal quotations omitted)). *See also Housing Auth. v. Ponca City,* 952 F.2d 1183, 1195 (10th Cir.1991) ("An appellee may present an argument on appeal only if it does not enlarge the rights conferred by the original judgment."); *Texas Commerce Bank Nat. Ass'n v. National Royalty Corp.,* 799 F.2d 1081, 1083 (5th Cir.1986) (Appellee who failed to file cross-appeal could not attack judgment with view toward enlarging rights.).

The judgment of the district court is AFFIRMED.