**PACE DESIGN 7 FAB, INC.**

v.

**STOUGHTON COMPOSITES, INC.**

**No. 96–MISC–49.**

United States District Court,
E.D. Wisconsin.

Sept. 5, 1996.

Kohner, Mann & Kailas, S.C. by Jordan B. Reich, Milwaukee, WI, for Plaintiff.

James E. Hammis, General Counsel, Stoughton, WI, for Defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

Presently before the court is the motion of the defendant, Stoughton Composites, Inc., to "Correct Clerical Mistake" in the writ of execution which was entered by the clerk of court for the eastern district of Wisconsin on July 15, 1996, in the above-entitled action. The motion will be granted.

### I. BACKGROUND

A brief recitation of the underlying facts of this case will be helpful before proceeding to the merits of the defendant's motion. The plaintiff, Pace Design & Fab, Inc. ["Pace"], filed a complaint against Stoughton Composites, Inc. on June 1, 1994, in a California state court. The action was removed by Stoughton Composites, Inc. to the United States district court for the central district of

California on July 21, 1994. In November 1995, the parties stipulated to binding arbitration. The order for binding arbitration was entered on December 8, 1995. On March 22, 1996, the court-appointed arbitrator issued his decision which awarded $375,-000 to the plaintiff.

In accordance with the parties' stipulation, a judgment confirming the arbitration award was entered in the amount of $375,000, plus interest at the rate of 5.62% per annum against the defendant, Stoughton Composites, Inc., by the district court for the central district of California on June 24, 1996. On July 15, 1996, the judgment was registered in the district court for the eastern district of Wisconsin, and a writ of execution was issued by the clerk of court. The writ of execution commanded the United States Marshal of the eastern district of Wisconsin to levy upon the "goods and chattels, lands and tenements" in the eastern district of Wisconsin belonging to "Stoughton Composites, Inc. also known as Stoughton Composites also known as Stoughton Composites L.L.C. 302 23rd St., Brodhead, WI 53520." In addition, the writ identified the relevant dollar amount as:

> "Three hundred seventy-six thousand, two hundred twelve dollars and thirty-three cents in the United States District Court for the Eastern District of Wisconsin before the Judge of the said Court by the consideration of the same Judge lately recovered against the said Stoughton Composites, Inc. also known as Stoughton Composites also known as Stoughton Composites L.L.C."

The United States Marshal for the eastern district of Wisconsin served the writ of execution on Bank One, Milwaukee NA, on July 16, 1996. Counsel for the plaintiff was advised on July 19, 1996, that Bank One Milwaukee, NA was holding $53,916.14 from an account of Stoughton Composites L.L.C. until further order of the court.

## II. LAW AND ANALYSIS

The defendant brings a "Motion to Correct Clerical Mistake" under Rule 60(a), Federal Rules of Civil Procedure, which provides that "[c]lerical mistakes in judgments, orders or other parts of the record ... may be correct-

ed by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Stoughton Composites, Inc. contends that it was a clerical mistake for the clerk of this court to identify Stoughton Composites and Stoughton Composites L.L.C. in the writ of execution. According to Stoughton Composites, Inc., neither Stoughton Composites or Stoughton Composites L.L.C. is a party to the judgment confirming arbitration award or to the action pertaining to the judgment confirming arbitration award that is the subject of the writ of execution.

The defendant asserts that Stoughton Composites, Inc. was dissolved as a Wisconsin corporation on December 1, 1995, and that Stoughton Composites, L.L.C. was organized as a limited liability company on that date. However, it denies that Stoughton Composites, Inc. is "also known as" Stoughton Composites or Stoughton Composites L.L.C., and that Stoughton Composites L.L.C. assumed or took responsibility for the position of Stoughton Composites, Inc. in the underlying action which is the subject of the writ of execution.

The defendant asks this court to amend the writ of execution to delete any reference in the writ to "also known as Stoughton Composites and also known as Stoughton Composites L.L.C." In addition, Stoughton Composites, Inc. asks this court to "strike any legitimacy of process received and returned, as issued by the United States Marshal Service ... and to further instruct the United States Marshal to remit the levied amount back to the account of Stoughton Composites L.L.C."

Pace opposes the motion to correct the clerical mistake on the ground that Stoughton Composites L.L.C. is a successor-in-interest of the original defendant, Stoughton Composites, Inc. As such, Pace insists that Stoughton Composites L.L.C. is bound by the judgment entered in the underlying action which is the subject of the writ of execution and its assets are subject to levy.

The writ of execution was issued by the clerk of court for this district based upon the judgment entered by the United States dis-

trict court for the central district of California which identified the judgment debtor only as "Stoughton Composites, Inc., etc., et al.,". Nowhere in the judgment or the "Certification of Judgment for Registration in Another District" was the judgment debtor defined to include Stoughton Composites or Stoughton Composites L.L.C. Moreover, the conclusory assertion by the attorney for the plaintiff in the "affidavit and request for issuance of writ of execution" that "Stoughton Composites, Inc. aka Stoughton Composites aka Stoughton Composites L.L.C. are all alter egoes [sic] of each other" does not sufficiently overcome the fact that the judgment upon which the writ of execution is based was not entered against Stoughton Composites or Stoughton Composites L.L.C.

The plaintiff's request that this court decide the issue of whether Stoughton Composites L.L.C. is a successor-in-interest of Stoughton Composites, Inc. is not properly before this court as it relates to the nature of the underlying judgment which was entered in the district court of the central district of California not the writ of execution. Indeed, the plaintiff acknowledges as much insofar as it has recently filed a "Notice of Motion to Seek Indication From Court That It Would Entertain or Grant A Motion to Amend June 24, 1996 Judgment" in the district court for the central district of California. This motion is scheduled to be heard by that court on September 23, 1996.

I find that the writ of execution issued by the clerk of court contained a mistake to the extent that it named Stoughton Composites and Stoughton Composites L.L.C. Accordingly, the defendant's "Motion to Correct Clerical Mistake" will be granted. The clerk of court will be directed to correct the writ of execution issued on July 15, 1996, by deleting any reference to "also known as Stoughton Composites and also known as Stoughton Composites L.L.C." In addition, Bank One, Milwaukee NA will be directed to return the amount of $53,916.14, which it holds pursuant to the writ of execution, to the account of Stoughton Composites L.L.C.

Therefore, IT IS ORDERED that the defendant's "Motion to Correct Clerical Mistake" pursuant to Rule 60(a), Federal Rules of Civil Procedure, be and hereby is granted, with costs.

IT IS ALSO ORDERED that the clerk of court be and hereby is directed to correct the writ of execution issued on July 15, 1996, by deleting any reference to "also known as Stoughton Composites and also known as Stoughton Composites L.L.C."

IT IS FURTHER ORDERED that Bank One, Milwaukee NA be and hereby is directed to return the amount of $53,916.14, which it holds pursuant to the writ of execution, to the account of Stoughton Composites L.L.C.