132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PACE DESIGN & FAB, INC., a California corporation,
Plaintiff-counter-defendant-Appellee,
v.
STOUGHTON COMPOSITES, INC., Defendant-counter-claimant-Appellant.
 No. 96-56155, 97-55032.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Dec. 3, 1997.
Decided Dec. 18, 1997.
 
 Appeals from the United States District Court for the Central District of California, A. Wallace Tashima, District Judge, Presiding.
 Before HALL, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stoughton Composites, Inc. (SC, Inc.) appeals the district court's order adding postjudgment interest to the amount awarded to Pace Design & Fab Inc. (Pace) by an arbitrator. SC, Inc., Stoughton Composites LLC (LLC), and Stoughton Trailers, Inc. (Trailers) appeal the judgment amended pursuant to Rule 60(b) to include LLC and Trailers as defendants. We affirm.
 
 
 3
 * Pace argues that both appeals should be dismissed because the parties agreed to waive "their respective rights to appeal the arbitrator's award." However, SC, Inc. does not appeal the arbitrator's award, but instead challenges that part of the district court's confirmation of the arbitration award in which postjudgment interest was awarded; and LLC and Trailers (who were not parties to the Arbitration Agreement) appeal the district court's amended judgment adding them as new parties. Therefore, neither appeal is within the Agreement's waiver provision.
 
 II
 
 4
 SC, Inc. argues that the district court erred in adding postjudgment interest to the award because the parties stipulated "that the maximum award that [Pace] can recover on its complaint is $375,000." We disagree that this caps anything but what the arbitrator could award on the complaint.
 
 
 5
 The parties also stipulated "that any award shall be paid within thirty (30) days of the arbitrator's decision and if not paid within said thirty (30) days may be converted into a judgment." No payment was made. Pursuant to 28 U.S.C. § 1961, the allowance of postjudgment interest is mandatory for any money judgment. Donovan v. Sovereign Sec., Ltd., 726 F.2d 55, 58 (9th Cir.1984). Postjudgment interest serves the purpose of compensating a successful plaintiff for not being paid during the time between award and payment. Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835 (1990). Thus, it does not increase the size of the award beyond the cap in this case, but instead protects its value over time.[1]
 
 
 6
 We believe the district court was well within its discretion In amending the judgment. Otherwise there would be the inequitable result of a defendant misleading the arbitrator, the court, and Pace to avoid paying the judgment.
 
 
 7
 SC, Inc. and Pace got into a dispute which they agreed to resolve by arbitration. James E. Hammis (the corporate secretary of SC, Inc., LLC and Trailers) returned a signed Stipulation for Binding Arbitration by letter of November 29, 1995, on Trailers letterhead, under his signature as "General Counsel and Secretary" of Stoughton Trailers, Inc. On December 1, Hammis, as Secretary of SC, Inc., filed papers with the Secretary of State of Wisconsin dissolving SC, Inc. on an expedited basis as of December 1. At the sane time, he filed a consent to the use of SC, Inc.'s name by LLC, a limited liability corporaticn, also formed on an expedited basis. And Hammis, as Secretary of LLC ("Assignee"), filed an "Assumption of Liabilities" in which it was stated that LLC "agrees to assume, perform, pay and discharge when and as due all liabilities, debts or obligations of its predecessor in interest, STOUGHTON COMPOSITES, INC., a Wisconsin corporation, of any kind whatsoever...."
 
 
 8
 Arbitration proceedings went forward, with no advice about the dissolution of SC, Inc. Indeed, a number of papers were filed on SC, Inc.'s letterhead and signed by Hammis, including a second stipulation required by the arbitration tribunal which was signed by the "Chief Operating Officer of SC, Inc." and Hammis.
 
 
 9
 After the award, and after judgment was entered by the district court confirming the award with postjudgment interest--when Pace sought to execute on the judgment and LLC's bank account was debited in the amount of $53,916.14--Hammis (on Trailers letterhead) told the United States Attorney's office in Wisconsin that SC, Inc. had been dissolved December 1, 1995, and had no assets. He also represented that the LLC bank account is not an asset of SC, Inc. and that SC, Inc. is not also known as LLC. Pace asked the District Court for the Eastern District of Wisconsin to decide that LLC was a successor in interest of SC, Inc., which the court declined to do in deference to the Central District of California where Pace's motion to seek indication was pending. Because the judgment upon which the writ was based was not entered against Stoughton Composites or LLC, the court ruled that the writ of execution naming LLC was mistaken. However, the court's published decision notes that SC, Inc. (represented by Hammis) denied that SC, Inc. is "also known as" Stoughton Composites or Stoughton Composites, LLC and that LLC assumed or took responsibility for the position of SC, Inc. in the underlying action. Pace Design 7 Fab, Inc. v. Stoughton Composites, Inc., 936 F.Supp. 599, 600 (E.D.Wis.1996).
 
 
 10
 Meanwhile in California, Hammis filed a declaration in response to Pace's request fox a Crateo indication,[2] which, among other things, averred that "[t]here is no document in existence to my knowledge by which Stoughton Composites LLC specifically assumed any liability in this action" and that "[t]here has never been any assumption of any liability or obligation by Stoughton Composites LLC with respect to this action."
 
 
 11
 Obviously these representations don't square with Hammis' filings with the Secretary of State in Wisconsin. Nor do they square with the implicit representation to the arbitrator and Pace that SC, Inc. was alive and well.[3]
 
 
 12
 For these reasons we are unmoved by the Stoughton companies' argument that Pace should have proceeded under Rule 25(c) of the Federal Rules of Civil Procedure (or FRAP Rule 43) instead of Rule 60(b). This was not a normal transfer of interest by merger or acquisition where substitution is appropriate.
 
 
 13
 By the same token, their argument that the district court should not have pierced the corporate veil or added LLC and Trailers as defendants without determining that they are alter egos of SC, Inc. misses the mark. Rule 60(b)(3) is concerned with a judgment infected by fraud or misconduct of an adverse party. If LLC or Trailers had thought there was a triable issue of fact that warranted an evidentiary hearing, they could have asked for one, but didn't. In any event, the annual reports of SC, Inc. and Trailers show that the President, Secretary, Treasurer, and Board of Directors of the two entities were identical, and it was Trailers which agreed to SC, Inc.'s stipulation with Pace to arbitrate.
 
 
 14
 Under these circumstances, we cannot see how the district court abused its discretion in determining that the judgment should be amended to include both LLC and Trailers.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition, is not appropriate for publication and may not be cited to or the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We decline to consider Pace's argument that it is entitled to postarbitration interest from the date of the arbitral award (March 22, 1996) because this is not simply an alternative ground of supporting the award of postjudgment interest, but rather a ground for modifying the judgment to expand its entitlement. See Turpen v. City of Corvallis, 26 F.3d 978, 980 (9th Cir.1994) (declining to consider argument that would expand plaintiffs' rights when plaintiffs did not file a cross-appeal)
 
 
 [2]
 Crateo, Inc. v. Intermark Inc., 536 F.2d 862 (9th Cir.1976)
 
 
 [3]
 According to the corporate treasurer of all three entities, no capitalization was added to LLC after it was formed December 1, 1995