**Randall DAVIS, Plaintiff–Appellant,**

**v.**

**State of WASHINGTON; State of Washington Department of Ecology; Linda Hoffman, in her individual and official capacity; Gail Blomstrom, in her individual and official capacity; Joy St. Germain, in her individual and of-**ficial capacity; Gordon White, in his individual and official capacity; Tom Fitzsimmons, in his individual and official capacity, Defendants–Appellees.

**No. 05–36042.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2007.

Filed Aug. 8, 2007.

Darrell L. Cochran, Esq., James W. Beck, Esq., Gordon Thomas Honeywell Malanca Peterson & Daheim, PLLC, Tacoma, WA, for Plaintiff–Appellant.

Lisa Leann Sutton, Esq., Office of the Attorney General Torts Division, Marie Colleen Clarke, Esq., AGWA–Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before: ALARCÓN, HAWKINS, and WARDLAW, Circuit Judges.

MEMORANDUM *

Randall Davis, an African–American employee at the Washington State Department of Ecology ("DOE"), appeals the district court's summary judgment in favor of the State of Washington and others ("State"). Davis's complaint alleges that the DOE failed to reallocate his position from an Environmental Planner ("EP") 3 to an EP 4 because of his race in violation of 42 U.S.C. §§ 1983 and 1985, Title VII of the Civil Rights Act of 1964, and state law protections found in RCW 49.60. We have jurisdiction to review this appeal under 28 U.S.C. § 1291, and we reverse.

* This disposition is not appropriate for publication and is not precedent except as provided

The district court erred by precluding Davis from challenging the denial of his reallocation request pursuant to § 1983, § 1985 and RCW 49.60 under the doctrine of collateral estoppel. The issues before the Washington State Personnel Appeals Board ("PAB") and the district court are not identical. The district court must consider whether other similarly situated employees outside of Davis's protected group were treated differently from him. The PAB expressly stated it would not compare the work of similarly situated employees when evaluating the DOE's decision. *See Vargas v. State of Washington,* 116 Wash.App. 30, 65 P.3d 330, 334 (2003) (Collateral estoppel is inapplicable unless the issues decided by the state administrative agency are identical to those raised before the court.). Moreover, Davis did not have the opportunity to seek judicial review of any adverse findings made by the PAB as the statute fails to provide for such review. *See United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966) (Collateral estoppel applies to prevent relitigation of factual disputes resolved by an administrative agency where "both parties had ... an opportunity to seek court review of any adverse findings."); RCW 41.64.100(3) (2004).

Davis asserts that the district court also erred in finding his Title VII claim is time barred. The district court did not have the benefit of *Ledbetter v. Goodyear Tire & Rubber Co.,* —— U.S. ——, 127 S.Ct. 2162, 2166 n. 1, 167 L.Ed.2d 982 (2007) (assuming the charging period from the date the relevant questionnaire was filed with the U.S. Equal Employment Opportunity Commission ("EEOC")). Because Davis's claim may have been filed timely if

by 9th Cir. R. 36–3.

602

the alleged EEOC questionnaire is in fact an EEOC questionnaire, we remand for the district court to make that determination in the first instance.[1]

Although the State raises other issues in its briefing, it failed to properly raise them in a cross-appeal. *See Turpen v. City of Corvallis*, 26 F.3d 978, 980 (9th Cir.1994) ("Since [the party] did not file a cross-appeal, we decline to address the question.").

**REVERSED and REMANDED.**

---

1. In light of our remand, we deny without prejudice to file before the district court Davis's Motion for Modification of Record Pursuant to Federal Rule of Appellate Procedure 10(e)(2) to include the alleged EEOC questionnaire.

