MEMORANDUM ***
Plaintiff-Appellant Howard S. Wright Construction Company (Wright) appeals the district court’s dismissal of its action against the Laborer’s International Union of North America, Local Union No. 169 (Union). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
Because the parties are familiar with the facts, we do not supply them here *555 except as necessary to explain our decision. We review a district court’s legal conclusion that Plaintiffs repudiation of the agreement was not valid de novo. Laborers Health and Welfare for Northern California v. Westlake Development, 53 F.3d 979 (9th Cir.1995).
The National Labor Relations Board held in John Deklewa & Sons, 282 NLRB 1375 (1987), enf. 843 F.2d 770 (3d Cir.1988), that an employer cannot repudiate a Section 8(f) prehire agreement midterm. Wright does not fit into the limited “single employee exception” to this rule, as interpreted by the Ninth Circuit, because Wright has conceded that it employed two laborers contemporaneously during the term of the contract. Laborers Health holds that in order to fit into the limited single employee exception, the employer must be “a ‘one-employee employer’ during the relevant time period.’ ” Laborers Health, 53 F.3d at 982. The district court did not err in determining that Wright’s repudiation was not valid, and dismissing the case.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The Union asserts in its brief that we should also review the trial court’s order denying confirmation and vacating the arbitration award. The Union failed to appeal this order; it also failed to appeal or cross-appeal from the final judgment which was entered in this case. An appellee who fails to file a cross-appeal cannot attack a judgment with a view towards enlarging its own rights. Turpen v. City of Corvallis, 26 F.3d 978, 980 (9th Cir. 1994), cert. denied, 513 U.S. 963, 115 S.Ct. 426, 130 L.Ed.2d 339 (1994).