**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COURTNEY FLYNN, | No. 23-55755 |
| Plaintiff-Appellant, | D.C. No. 8:22-cv-00426-DOC-ADS |
| v. | |
| SEPHORA USA, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted May 14, 2025[**]
San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiff-Appellant Courtney Flynn appeals the district court's order granting

partial summary judgment in favor of Defendant-Appellee Sephora USA, Inc.

(Sephora) on Flynn's federal law claims and declining to exercise supplemental

jurisdiction over her remaining state law claim. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

"We review de novo a district court's grant of summary judgment." *Clare v. Clare*, 982 F.3d 1199, 1201 (9th Cir. 2020). We review the district court's evidentiary rulings for abuse of discretion. *Id.*

1. The district court did not err by denying as moot Flynn's "Ex Parte Application to Continue Trial based on [Sephora's] Continued Refusal to Participate in Discovery" in its summary judgment order. Because the district court denied the application as moot without considering its merits, we review the decision de novo. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677 (9th Cir. 2018); *Margolis v. Ryan*, 140 F.3d 850, 853–54 (9th Cir. 1998). The application, which cited only California Rule of Court 3.1332 and included more than 1,500 pages of unorganized exhibits, did not demonstrate good cause for modifying the scheduling order.[1] *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609–10 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). Notably, Flynn filed the application on the discovery cutoff date even though many of the alleged discovery disputes arose months earlier.[2]

---

[1] California Rule of Court 3.1332 provides the procedure and grounds for seeking a trial date continuance in California state court. Flynn does not explain, in her application to the district court or her opening brief on appeal, why the rule would apply to a federal court's modification of its scheduling order.

[2] To the extent Flynn argues that the district court "ignored" other "motions to compel and motions to extend time," that argument is not supported by the district court record.

2

2.     The district court did not err by failing to deny Sephora's motion for summary judgment under Federal Rule of Civil Procedure 56(d) because Flynn did not seek Rule 56(d) relief.[3] *See In re O'Gorman*, 115 F.4th 1047, 1061 (9th Cir. 2024) (explaining the requirements for a Rule 56(d) request and noting that "[f]ailure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment" (citation omitted)).

3.     The district court did not abuse its discretion by considering a declaration from Sephora's corporate representative, Kristin Odegaard, despite Flynn's objection that she had not deposed Odegaard. Sephora disclosed Odegaard as a person with knowledge about why Flynn's application was rejected well before moving for summary judgment, and Flynn did not file a timely motion to compel Odegaard's deposition. Additionally, Odegaard's sworn declaration demonstrates that she has personal knowledge of, and is competent to testify about, the facts stated in her declaration, and Flynn does not identify any reason that those facts would be inadmissible. Fed. R. Civ. P. 56(c)(4).

4.     Flynn's claim of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 fails as a matter of law. Assuming (without

---

[3] We construe Flynn's argument under Federal Rule of Civil Procedure 56(f) as one under Rule 56(d). *See* Fed. R. Civ. P. 56(d) advisory comm. note to the 2010 amendment (noting that Rule 56(d) was revised to include "without substantial change the provisions of former subdivision (f)").

deciding) that the Accelerate Program falls within the protections of Title VII,[4]

Flynn has not made out a prima facie case of discrimination either by using the

framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973),

or by producing "direct or circumstantial evidence demonstrating that a

discriminatory reason more likely than not motivated" Sephora. *Opara v. Yellen*,

57 F.4th 709, 721–22 (9th Cir. 2023) (footnote and citation omitted). There is no

evidence that Flynn's company, which provides a "Supply Chain solution" using

Software as a Service, was qualified for the "Skin" merchandise category of the

2021 Accelerate Program, to which she indisputably applied. *See Dominguez-*

*Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (explaining that,

to make out a prima facie case for a failure-to-hire claim, a plaintiff must show,

among other things, that she "was qualified for the position she was denied" and

was "rejected despite her qualifications").

Additionally, Sephora produced evidence that Flynn's failure to mention a

qualifying merchandise product in her 2021 application was the reason it rejected

her application. Neither Sephora's public statements regarding how the Accelerate

Program served its diversity objectives nor Flynn's communications with Sephora

---

[4] *Cf. Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999) (noting that "there must be some connection with an employment relationship for Title VII protections to apply" (quoting *Lutcher v. Musicians Union Loc. 47*, 633 F.2d 880, 883 (9th Cir. 1980))).

employees in 2019 and 2020 create a genuine issue of fact regarding its reason for rejecting Flynn's application to the 2021 Accelerate Program's Skin category.

5.      Similarly, Flynn's claim for racial discrimination in violation of 42 U.S.C. § 1981 fails because there is no evidence from which a reasonable factfinder could conclude that her race was a but-for cause of Sephora's decision to reject her application. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 333 (2020).

6.      Finally, Flynn's argument that she was "clearly prejudiced by ineffective and incompetent representation" is unavailing because ineffective assistance of counsel is not a cognizable basis for appeal in a civil case.[5] *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985).

**AFFIRMED.**

---

[5] In its response brief, Sephora asks us to "hold that summary judgment in [its] favor . . . is appropriate" on Flynn's state law claim. The district court denied Sephora's request for summary judgment on that claim and, instead, declined to exercise supplemental jurisdiction and dismissed the claim. Because we treat the dismissal of the state law claim as a dismissal without prejudice, *cf. Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994), granting summary judgment on the claim would diminish Flynn's rights under the judgment. Thus, Sephora was required to file a cross-appeal. *See El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999). Because it did not do so, we do not reach this issue. *See Turpen v. City of Corvallis*, 26 F.3d 978, 980 (9th Cir. 1994).